## HERSHY V. BAER.

1.  AMENDMENT: *Of decree nunc pro tunc*: *Bill of exceptions.*
    A decree in chancery may be amended by a *nunc pro tunc* entry so as to make
    it speak the truth; and the making of such amendment, at a subsequent term,
    so as to show that the cause was heard upon oral as well as written evidence,
    does not revive the appellant's right to file a bill of exceptions setting out the
    evidence. That right expires with the lapse of the term.

2.  PRACTICE IN SUPREME COURT: *Presumption from defect of transcript.*
    When the transcript shows that it does not contain all the evidence on which the
    cause was heard, this court will presume that the evidence was sufficient to sus-
    tain the finding and decree of the chancellor, as well as the verdict of a jury;
    and this presumption prevails to the extent of curing every defect in the allega-
    tions of the pleadings, which by reasonable intendment must be considered as
    having been proved.

APPEAL from *Sebastian* Circuit Court in Chancery.
Hon. R. B. RUTHERFORD, Circuit Judge.

*U. M. & G. B. Rose* for Appellant.

The court erred in not permitting Hershy to file a bill of
exceptions setting out the oral evidence, so that the case might
be properly presented to this court. He did not file it before,
for the decree was such as not to require it, and when plaintiff
was permitted to amend his decree, so as to render one neces-
sary, the defendant ought to have been permitted to file one.

*Sanders & Husbands* also for Appellant.

Argue upon the merits that the complaint was fatally de-
fective, and the demurrer to it should have been sustained.
Baer had no *paper* title, and the allegations of possession and
title by limitation were not sufficient, in this, he does not allege
*actual* possession. Citing authorities.

Admit the rule that where the record shows the introduction of both oral and written evidence, and there is no bill of exceptions, this court will not reverse; but deny its application here, as this court will not presume that evidence was introduced to prove something *not alleged*. *Actual* possession was not alleged, and this court cannot presume that evidence was adduced to prove it. The proof must correspond with the allegations. *24 Ark., 381.* Make same points as co-counsel.

*Clendenning & Sandels* for Appellee.

There is no bill of exceptions showing what the *oral* proof was, and in such cases this court will affirm. *38 Ark., 477–81; 36 Id., 491.*

Title by limitation may be asserted offensively. *38 Ark., 181.*

COCKRILL, C. J. The appellee sued the appellant to remove a cloud from the title of real estate in Fort Smith, and on the 6th of February, 1884, a decree was entered in his favor in accordance with the prayer of the complaint. From this decree the clerk of this court granted an appeal in May, of the same year. Pending the appeal the circuit court, where the decree was rendered, caused the record to be amended so as to recite that the cause had been heard on *oral* as well as written evidence. This was done by an appropriate *nunc pro tunc* order. The appellant by attorney opposed the granting of the motion to amend the record, and after the order was made asked the court, as the record entry recites, "to allow him a reasonable time within which to prepare and present, in the form of a bill of exceptions, all the evidence, written and oral, which was introduced on the trial of the cause, and have the bill of exceptions, when prepared, filed and made a part of the record." The court declined to comply with the request. The record of

1. Amending decree *nunc pro tunc*.

15——45

the proceedings, had subsequent to the appeal, has been brought here by *certiorari*, upon suggestion of a diminution of the record.

The power of a circuit court to amend its record so as to cause it to speak the truth is one inherent in the idea of justice itself. The power has been frequently exercised pending an appeal to this court, and the amended record has in every such instance been treated as the true one. The appellant's contention that the insertion of the words *oral evidence* in the reciting part of the decree, revives his right to file a bill of exceptions, is not tenable. That right had expired with the term at which the decree was rendered, and the circuit court, unless sitting in chancery in a proceeding for the purpose of relieving against fraud, accident or mistake, had lost control over the matter. *St. Louis, I. M. & S. R'y v. Holman, ante, p. 102; Carroll v. Pryor, 38 Ark., 283.*

The amendment that was made added nothing to the force of the decree. It was merely the record of a fact, which the appellant as a party to the suit is presumed to have had knowledge of from the first. Indeed the decree recites that the cause was heard on the "bill, answer, exhibits and proofs," and the court found as facts that the appellee had established his title by limitation as well as by deed.

2. Presumption in supreme court from defect of transcript.
The record here contains none of the appellee's paper title, and no proof whatever except the appellant's chain of title tracing to a source common with that found by the court for appellee.

It is evident from this, without the aid of the amendment, that the court had before it evidence which the record does not contain, and we will presume that it was sufficient to sustain the finding of the court and the decree. *Omnia praesumuntur rite esse acta donec probetur in contrarium.* This presumption prevails after decree rendered, to the extent of curing every defect in the allegations of the pleading which by

reasonable intendment may be considered as having been proved. Everything necessarily implied from the facts stated will be presumed to have been proved. A title defectively set out is aided by the finding of the chancellor as it would be by the verdict of a jury. Every fact necessary to a perfect complaint to remove a cloud may be fairly inferred from the complaint in the case.

Let the. decree be affirmed.