### SIMPSON *v.* TALBOT.

Opinion delivered February 6, 1904.

1. DECREE—AMENDMENT—NOTICE.—While the chancery court has authority to amend the record of its decrees at a subsequent term, so as to make it speak the truth, it cannot do so without notice first given to the party against whom it is made. (Page 187.)

2. NOTICE—PRESUMPTION.—Where the record of an order amending a record of a decree is silent, the presumption is that notice of the proposed amendment was given. (Page 187.)

3. APPEAL—PRESUMPTION IN FAVOR OF RECORD.—Where the record fails to show that it contains all the evidence upon which the cause was heard, the presumption is that the decree is correct. (Page 187.)

Appeal from Jefferson Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Affirmed.

*Taylor & Jones,* for appellant.

No sufficient evidence of adverse possession was offered. 45 Ark. 81 ; 57 Ark. 97 ; 27 Ark. 77 ; 30 Ark. 640. Appellees cannot redeem. 71 S. W. 255. Appellant was not guilty of laches. 152 U. S. 413 ; 173 U. S. 131 ; 111 Ill. 328 ; 24 S. W. 638. Mere delay, not operating to the prejudice of the adverse party, is immaterial. 14 Ga. 238 ; 136 Mass. 273 ; 152 Mo. 398. The facts upon which a decree is amenable *nunc pro tunc* should be of record. 21 Am. & Eng. Enc. Law (2d Ed.), 822. Notice of the application to amend should have been given. Sand. & H. Dig. § § 4190, 4191. Notice must affirmatively appear. 20 Ark. 636 ; 23 Ark. 18 ; 51 Ark. 323 ; 34 Ark. 300.

*N. T. White* and *Ben J. Altheimer,* for appellees.

When the record does not show that all the evidence is brought up to the appellate court, the presumption will be that the decree was sustained by the evidence. 43 Ark. 450 ; 64 S. W. 96 ; 65 S. W. 819 ; 66 S. W. 603 ; 38 Ark. 477 ; 45 Ark. 240 ; 58 Ark. 134. The testimony alluded to in the decree should have been brought up by bill of exceptions. 9 Ark. 507 ; 35 Ark. 225 ; 38 Ark. 477. The presumption is in favor of the correctness of the decree. 3 Ark. 532 ; 5 Ark. 309 ; *Id.* 409 ; 6 Ark. 456 ; 13 Ark. 316 ; 14 Ark. 27 ; 18 Ark. 53 ; 27 Ark. 29 ; 33 Ark. 828. The office of a *nunc pro tunc* correction is only to make the record speak the truth. 51 Ark. 231 ; 55 Ark. 36, 37 ; 35 Ark. 119 ; 21 Ark. 216 ; 17 Ark. 157 ; 68 Ark. 283 ; 45 Ark. 240. Sand. & H. Dig. § 4190 does not apply to this case.

Battle, J. On the 24th of March, 1895, John H. Talbot & Co. brought suit, in the Jefferson chancery court, against W. T. Simpson and others to foreclose a mortgage upon certain lands. A decree foreclosing the mortgage was rendered. After the expiration of the term at which it was rendered, the chancery court amended it so as to show the evidence upon which the cause was heard. The record fails to show that notice of the application for the amendment was given, or that any application was made, or that the parties appeared at the time the decree was corrected. According to the amendment, all the evidence upon which the cause was heard and the decree was rendered does not appear in the record in this court.

The chancery court had the authority to amend the record
of its decree at a subsequent term, so as to make it speak the
truth, but it cannot do so without notice first given to the party
against whom it is made.   *Martin* v. *State Bank,* 20 Ark. 636;
*Alexander* v. *Stewart,* 23 Ark. 18; *King* v. *Clay,* 34 Ark. 300.
But, the record being silent, the presumption is that notice was
given.   *Brownlee* v. *Davidson,* 28 Neb. 788, 789.

The record here failing to show that it contains all the evi-
dence upon which the cause was heard, the presumption is that the
**decree is correct.**   *Casteel* v. *Casteel,* 38 Ark. 477; *Hershy* v.
*Baer,* 45 Ark. 240; *Carpenter* v. *Ellenbrook.* 58 Ark. 134, 23 S.
W. 792.

Decree affirmed.