LIDDELL *v.* BODENHEIMER.

Opinion delivered April 7, 1906.

1. JUDGMENT—AMENDMENT.—Parol evidence that an order was omitted from the record, if satisfactory, is sufficient to authorize its entry *nunc pro tunc.* (Page 365.)

2. SAME—TIME OF AMENDMENT.—There is no limitation to the time within which an order omitted from the record may be restored. (Page 365.)

3. SAME—MODIFICATION AFTER TERM.—A court has no authority to set aside or modify a judgment after the term at which it was rendered, even though it was not entered until the term at which the application to set aside or modify it was made. (Page 365.)

Appeal from Clay Circuit Court, Eastern District; *Allen N. Hughes,* Judge; reversed in part.

*F. G. Taylor,* for appellant.

While parol evidence is competent to show that a court made an order or rendered a judgment which by inadvertence was omitted from the record, such evidence is not admissible to contradict or change a record already made. 86 S. W. 822; 40 Ark. 224; 50 Ark. 338; 49 Ark. 397.

*J. D. Block,* for appellee.

Parol evidence of a judgment which was omitted from the record is sufficient to authorize a *nunc pro tunc* judgment. 40 Ark. 224; 86 S. W. 822.

Where a judgment or order has been omitted from the record, or improperly copied into the record, the power of the court to correct the same by *nunc pro tunc* entry is always proper. 1 Freeman on Judg. (4 Ed.), § 61; 78 Ill. 152; 50 Cal. 289; 76 Mo. 643; 33 La. Ann. 1056; 24 Neb. 103; 123 Ind. 518; 30 Ga. 929; 57 Miss. 730; 6 How. 260.

BATTLE, J. An action was brought in the name of Bodenheimer, Landau & Company against Robert Liddell, before a justice of the peace of Clay County, to recover the possession of certain personal property. Plaintiffs recovered judgment, and the defendant appealed to the circuit court.

In the circuit court (the term is not shown) plaintiffs represented to the court that the action was brought without their consent, and asked that it be dismissed, and thereupon S. D.

Hawkins, who had possession of the property in controversy and claimed the same, appeared, and asked that he be substituted for plaintiffs, and that the action proceed in his name as such. The action was dismissed as to Bodenheimer, Landau & Company, and revived in the name of S. D. Hawkins as plaintiff. This order was not entered of record.

At the January, 1894, term of the Clay Circuit Court for the Eastern District, the action proceeded in the names of Bodenheimer, Landau & Company and S. D. Hawkins, plaintiffs, against Robert Liddell and John Matthews Apparatus Company, defendants, and Hawkins recovered judgment against the defendants for the property in controversy. This proceeding was had after the action was dismissed as to Bodenheimer, Landau & Company. On motion of the defendants the judgment in favor of Hawkins was set aside, and a new trial was granted.

At the August, 1895, term of the Clay Circuit Court for the Eastern District of Clay County, the action was called for trial, and the plaintiffs failed to appear. Judgment by default was rendered against Bodenheimer, Landau & Company in favor of the defendant, Robert Liddell, for the property in controversy and costs.

In August, 1901, Bodenheimer, Landau & Company filed an application in Clay Circuit Court for the Eastern District, in which they stated the foregoing facts, and asked that the order omitted from the record be entered *nunc pro tunc*. All parties appeared, and the court heard the application and the evidence adduced in respect thereto, and found that the order was made, and ordered that it be entered, and ordered that the judgment in favor of Liddell against Bodenheimer, Landau & Company for property be corrected so as to be against Hawkins, and to show that Bodenheimer, Landau & Company were and are not parties thereto; and Liddell appealed.

Parol evidence of an order omitted from the record, if satisfactory, is sufficient to authorize a *nunc pro tunc* order or judgment. *Bobo* v. *State,* 40 Ark. 224; *Ward* v. *Magness,* 75 Ark. 12. The application for the order was not barred by the statute of limitations. 1 Freeman, Judgments (4 Ed.), § 73, and cases cited.

The court erred in setting aside or modifying a judgment

which was actually rendered. It had no authority to set aside or modify a judgment after the term at which it was rendered has expired, on application for a *nunc pro tunc* order.

The *nunc pro tunc* order is affirmed, and the order setting aside or modifying a judgment rendered at a previous term is reversed.

HILL, C. J., did not participate.