MELTON v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY
COMPANY.

Opinion delivered June 19, 1911.

1. JUDGMENT—AMENDMENT AFTER TERM.—A court may amend the record
of a judgment after the lapse of the term at which it was rendered
so as to cause it to speak the truth. (Page 435.)

2. SAME—EFFECT OF AMENDMENT.—When the record of a judgment is
amended by the court by a *nunc pro tunc* order, the amendment
relates back to the time when the original entry was made, and,
except as to the rights of innocent third parties, the effect is the
same as if it had been entered upon the date when it was actually
made. (Page 435.)

3. SAME—FINALITY.—A judgment is final and appealable if the
issue between the parties has been passed upon by the court and the
merits of the cause finally determined. (Page 436.)

4. SAME—FINALITY.—Where the trial court sustained a demurrer to a
complaint, and the plaintiff rested upon his complaint and appealed
to the Supreme Court, such judgment was final, and could not be
reopened at a subsequent term. (Page 437.)

Appeal from Lawrence Circuit Court; *R. E. Jeffery,* Judge;
affirmed.

*Smith & Blackford* and *Cunningham & Childers,* for appellant.

*W. E. Hemingway, E. B. Kinsworthy, S. D. Campbell* and
*F. R. Suits.* for appellee.

FRAUENTHAL, J.   This is an appeal from a final order of the
Lawrence Circuit Court refusing to permit the appellant to file
further pleadings in an action which had been pending in that
court, and which it held had been finally determined and dismissed
at a former term thereof.

On June 17, 1908, the appellant filed his original complaint
and instituted an action against the appellee to recover damages
for the alleged wrongful death of his minor child.   On October
14, 1908, the appellee, who was the defendant in said case, filed
a demurrer to this complaint upon the ground that it did not state
facts sufficient to constitute a cause of action.   On October 16,
1908, this demurrer was submitted to the court for its deter-
mination, and the court sustained the same, and, as is shown by

a *nunc pro tunc* order thereafter made, the appellant rested there-on, and in effect refused to plead further, but excepted to the ruling of the court in sustaining the demurrer, and prayed an appeal to the Supreme Court, which was granted. In recording the action and adjudication of the court in sustaining said de-murrer, the clerk made an entry stating in substance that the court sustained the demurrer which had been filed to the com-plaint, to which ruling of the court in sustaining the demurrer the plaintiff (appellant) at the time excepted and asked that his ex-ceptions be noted of record, which was done, and that the defend-ant (appellee), instead of the plaintiff (appellant), prayed an appeal to the Supreme Court, which was granted. But the record did not show in words or in substance that the plaintiff (appel-lant) elected to stand upon his complaint and refused to plead further; and it also inadvertently stated that the defendant, instead of the plaintiff, prayed an appeal to the Supreme Court.

On October 26, 1908, the appellant perfected his appeal from the above order of the court sustaining said demurrer by filing a transcript of the proceedings in said cause in the Supreme Court. The case was duly set for submission in the Supreme Court, and thereafter both appellant and appellee filed abstracts and briefs upon the merits of the case in the manner prescribed by the rules of said court, and the case was submitted for its de-termination. Before the determination of the case by the Supreme Court, its attention was called to the fact that the record did not show the entry of a final judgment by the lower court. There-upon said submission was opened and set aside, and the appeal was dismissed for the reason that according to the record it was prematurely brought.

On June 1, 1909, the mandate of the Supreme Court was filed in the circuit court, and on June 15 appellant filed in the vacation of that court an amended complaint. On March 19, 1910, the appellee filed a motion in said circuit court for a *nunc pro tunc* order to correct the order and judgment of that court made on October 16, 1908, when it sustained the demurrer to the complaint. This motion was submitted to the court for its deter-mination on March 21, 1910, and it found that on October 16, 1908, appellee's demurrer to the said original complaint was sub-mitted to the court for its determination and adjudication, and

that the demurrer was sustained, to which ruling of the court plaintiff excepted and at the time rested thereon and prayed an appeal to the Supreme Court from said ruling, which appeal was granted. The court thereupon entered a *nunc pro tunc* order amending the record of October 16, 1908, so that it recited the proceeding and judgment of the court in said cause according to the above finding made by it, and the appellant at the time excepted to the action of the court in so amending its record.

On March 7, 1911, appellant filed a motion in said circuit court asking leave to withdraw his election to stand upon his original complaint in said cause and be permitted to proceed with the trial of the case upon his said amended complaint. The court overruled this motion, and made an order dismissing the cause, and from this last order of the court this appeal is prosecuted. The question upon this appeal involves the power of the circuit court to make the above *nunc pro tunc* order, and the effect thereof when so made.

It has been well settled that a court may amend its record of a judgment after the lapse of the term at which it was rendered so as to cause it to speak the truth. The entry in the record should reflect correctly the proceedings which were actually had, and the court has full power at any subsequent term thereof to amend its record so as to make it conform with what was actually done. *Hershy* v. *Baer,* 45 Ark. 240; *St. Louis & N. A. R. Co.* v. *Bratton,* 93 Ark. 234. When the record is thus amended by the court by a *nunc pro tunc* order, it relates back to the time when the original entry was made, and, except as to the rights of innocent third parties, the effect thereof is to make the corrected order or amended judgment the same as if it had been entered upon the date when it was actually made. *Adams* v. *Higgins,* 23 Fla. 13. The amended order or judgment becomes then free from any error, omission or defect caused by clerical misprision or otherwise, and is as final and conclusive against collateral attack from the date when it was actually made as any other final judgment. *Crim* v. *Kessing,* 89 Cal. 478.

The *nunc pro tunc* order entered in this case by the lower court on March 21, 1910, made the order or judgment in the action as thus amended effective as of the date of October 16, 1908, when it was actually made by the court. After the lapse

of the term of court following October 16, 1908, that order became final and could not be altered or changed except upon appeal. It could not thereafter be changed, set aside or altered by any further pleading, proceeding or trial in the lower court. In apt time the appellant took and perfected an appeal from that order to the Supreme Court. During the pendency of that appeal he could have applied to the circuit court to have said order amended so as to make it speak the truth in the very particular in which it was subsequently amended; and if such amendment made said order a final judgment, he could then have proceeded with the appeal which he had taken. This he did not do, but permitted his appeal to be dismissed. The dismissal was made because the entry of the order of the court did not show that the action of the lower court was final. The dismissal of the appeal did not decide that a final order had not been actually made in the case by the lower court; but it determined only that the appeal was prematurely brought to this court because the record did not show that the court had made a final order therein.

It is urged, however, that the action of the lower court, had on October 16, 1908, as revealed by the amended order, was not a judgment from which an appeal would lie. A judgment is an adjudication by a court by which the merits of a cause are determined. There is no strict formality necessary in the language used to express the adjudication of the court. The judgment is tested by its substance, rather than by its form. It is sufficient if the entry shows that the issue between the parties has been passed upon by the court and the merits of the cause finally determined. 1 Freeman on Judgments, § 16; 11 Enc. Pl. & Pr. 926; 23 Cyc. 670; *State Bank* v. *Fowler*, 14 Ark. 159; *Luttrell* v. *Reynolds*, 63 Ark. 254.

By section 6228 of Kirby's Digest a judgment is declared to be "the final determination of the rights of the parties in an action." The rights of the parties to a suit are determined upon a trial thereof, which is defined by our statute to be a "judicial examination of the issues, whether of law or fact, in the action." Kirby's Digest, § 6169. The issue involving the merits of an action may be one of law or one of fact; and if the issue is one of law, it must be tried by the court. The complaint set forth the facts upon which the plaintiff in this suit based his right of action,

and whether or not such facts were sufficient to constitute a meri-
torious cause of action became an issue of law. Such issue of
law was raised by a demurrer interposed to the complaint, based
upon the ground that the facts set forth therein did not consti-
tute a cause of action, and it was rightfully tried by the court.
The determination of the issue thus raised by such demurrer de-
cided the merits of the case as made by the complaint; and when
such demurrer was sustained, it was then a decision and adjudi-
cation of the court by which the merits of the case were deter-
mined. The order simply sustaining such a demurrer to the com-
plaint is not, however, a final judgment for the reason that the
plaintiff, after such demurrer has been sustained, has the right
then to amend his complaint. Kirby's Digest, § 6095. The plain-
tiff may, however, elect to stand upon his pleading and refuse to
amend his complaint. Until the plaintiff makes such election and
refuses to amend his complaint, the decision and order of court
sustaining a general demurrer thereto does not constitute a final
judgment in the action. But when the plaintiff has elected not
to amend his complaint, then the adjudication of the court sus-
taining the general demurrer thereto does become a final deter-
mination of the issue of law deciding the merits of the case, and
it is then a final judgment which can be set aside only upon
appeal. *Luttrell* v. *Reynolds, supra.*

   In the case at bar the amended record, made upon said
motion for a *nunc pro tunc* order, shows that the demurrer to the
complaint was submitted to the court for its determination, and
that the court made an adjudication thereon sustaining said de-
murrer. It shows further that the appellant rested on said plead-
ing, and prayed an appeal to the Supreme Court, which was
granted. It appears, therefore, from this entry of the action of
the court, that the appellant in effect refused to amend his com-
plaint or to plead further after said general demurrer to his com-
plaint had been sustained. The decision of the court sustaining
the demurrer to the complaint was an adjudication by the court
that it did not set forth a cause of action, and the court thereby
passed judgment upon the merits of the case, and this decision of
the court became final when the appellant refused to amend his
complaint or plead further. We are of the opinion, therefore, that
the record, as amended, constituted a final judgment. After the

lapse of the term at which such judgment was actually made, it became *res judicata* like any other judgment, and could not be changed or altered by any other or further proceedings in the case except by appeal.

As was said in the case of *Hershy* v. *Baer, supra*: "The amendment that was made added nothing to the force of the decree. It was merely the record of a fact which the appellant as a party to the suit is presumed to have had knowledge of from the first."

In this case the appellant, knowing of the omission in the original entry of the judgment, could have had same amended in the manner in which it has been done, and could then have proceeded with the appeal which he prosecuted therefrom. Failing to do that, he can not now seek to set aside this final judgment after the lapse of the term at which it was rendered by opening the case for further pleading and a further trial thereof in the court in which it was rendered.

The judgment is accordingly affirmed.