Sutton v. State.

Opinion delivered April 14, 1924.

1.  GRAND JURY—ORDER CALLING SPECIAL GRAND JURY.—Where, after the regular grand jury had been dismissed, the court set aside an indictment for irregularity and ordered a special grand jury to be summoned for the purpose of considering the charge against defendant, it is immaterial that the order for a special

grand jury was not entered of record until after the trial had ended, as the court was authorized to correct its record so as to make it speak the truth.

2. GRAND JURY—RIGHT TO ORDER SPECIAL GRAND JURY.—Where an indictment presented by the regular grand jury had been set aside after the grand jury had been discharged, it was not an abuse of discretion to cause a special grand jury at the same term to be summoned to consider the charge against defendant.

3. GRAND JURY—POWER TO CALL SPECIAL GRAND JURY.—That a motion to set aside an indictment of the grand jury was made by the prosecuting attorney, instead of by the defendant, was immaterial to the power of the court under Crawford & Moses' Dig., §§ 3057-8, to call a special grand jury, after the sustaining of such motion, to reindict defendant.

Appeal from Little River Circuit Court; *Ben F. Isbell*, Judge; affirmed.

*DuLaney & Steel*, for appellant.

*J. S. Utley*, Attorney General, *John L. Carter, Wm. T. Hammock, Darden Moose* and *J. S. Abercrombie*, Assistants, for appellee.

HART, J. Alf Sutton prosecutes this appeal to reverse a judgment and sentence of conviction against him for the crime of assault with intent to kill.

The only assignment of error relied upon for a reversal of the judgment is that the court erred in refusing to quash the indictment on motion of the defendant. As grounds for his motion, the defendant alleged and proved that he was arrested under a warrant issued by a justice of the peace in Little River County, Arkansas, in October, 1923, charging him with the crime of assault with intent to kill Harley Mason.

In November, 1923, the defendant was bound over by the justice of the peace to await the action of the grand jury. The circuit court convened on the 7th day of January, 1924, and the regular grand jury, impaneled on the first day of the term, returned an indictment against him for the crime of assault with intent to kill Harley Mason in October, 1923. On the 21st day of January, 1924, the indictment was quashed and the case ordered referred to the next grand jury. At the same term of the

court it was ordered that a special grand jury be called and impaneled for the purpose of considering the same charge against the defendant. The special grand jury returned an indictment against the defendant, Alf Sutton, charging him with the crime of assault with intent to kill Harley Mason in October, 1923. This was the same crime for which the regular grand jury had indicted him, and which indictment had been quashed by the court after the regular grand jury had been discharged. The defendant was tried on the new indictment, before a jury, which returned a verdict of guilty and fixed his punishment at one year in the State Penitentiary. After sentence had been pronounced upon the defendant, and after he had filed his motion to quash the indictment on the grounds stated, there was an order of the court for the special grand jury entered of record as follows: "It appearing to the court that there were faulty indictments against certain persons charged with felonies, which indictments have this day been quashed and referred to the next grand jury, and it further appearing to the satisfaction of the court that a necessity exists for the summoning of a special grand jury;

"It is therefore considered, ordered and adjudged by the court that the sheriff of Little River County, Arkansas, summon a special grand jury from the inhabitants of said county, and qualified to serve as grand jurors, to appear before the Little River Circuit Court on the 21st day of January, 1924, at 1:30 P. M., to qualify as such jurors."

Objection is made by the defendant to this order, on the ground that it was not entered of record until after the trial had ended. It is well settled in this State that a court has the inherent power to correct its records so as to make them speak the truth, and may do so on any legal and competent evidence, even after the term has ended as well as during the term. *Bowman* v. *State,* 93 Ark. 168, and cases cited; *Hydrick* v. *State,* 103 Ark. 4; and *Dawson* v. *State,* 121 Ark. 211.

The main ground, however, relied upon by the defendant for a reversal of the judgment is that the only power of the court to call a special grand jury was under § 3004 of Crawford & Moses' Digest, and that the record affirmatively shows that the offense charged to have been committed by the defendant occurred before the sitting of the court, and that the court did not have the power to summon a special grand jury to indict him after the indictment which had been found by the regular panel had been set aside. In this connection it may be stated that the special grand jury which indicted the defendant in the case at bar was not called under the provisions of § 3004 of Crawford & Moses' Digest. As we have already seen, the regular grand jury had indicted the defendant for this same crime, and the indictment had been set aside by the court after the regular panel of the grand jury had been discharged.

Section 3057 of Crawford & Moses' Digest provides that one of the grounds for setting aside an indictment is that it was not found and presented as required by law. The presumption is that, in the absence of a showing to the contrary, the indictment returned by the regular grand jury was set aside under this section of the statute.

Section 3058 of the Digest contains the method of procedure on sustaining the motion, and reads as follows: "If the motion (to set aside an indictment) is sustained, and the court shall order that the case be submitted to another grand jury, to be assembled at that or the next term of court, and the defendant, if in custody, shall be remanded to bail, or, if on bail, the bail shall be liable for the defendant's appearance to answer a new indictment, if one be found."

Section 3058, when read in connection with the preceding section, expressly provides that, where a motion to set aside an indictment is sustained, the court shall make an order that the case be submitted to another grand jury, to be assembled at that term or the next term of the court.

It is true that the motion to set aside the indictment was made by the prosecuting attorney; but this does not make any difference. These two sections of the statute are a part of our Criminal Code, which was passed for the purpose of simplifying and expediting the trial of criminal cases. The method of procedure provided was for the benefit of the State as well as of the defendant.

When the court sustained the motion of the prosecuting attorney to set aside the indictment as being defective, the regular grand jury had been discharged, and, under the statute, it was within the discretion of the court to call a special grand jury at the same term, or to continue the case until the next term for action by the grand jury. Hence we are of the opinion that the circuit court was right in overruling the motion of the defendant to quash the indictment of the special grand jury upon which the defendant was tried and convicted.

No prejudicial error appears in the record, and the judgment will therefore be affirmed.