Kory *v.* Less.

Opinion delivered April 6, 1931.

554

*W. E. Beloate* and *W. E. Beloate, Jr.,* for appellant.

*E. H. Tharp, W. P. Smith* and *O. C. Blackford,* for appellee.

HART, C. J., (after stating the facts). It is well settled here as elsewhere that every court of record has control over its own judgments and decrees, and has power, as well after the term is ended as while it lasts, to correct clerical mistakes and to cause them to speak the truth. The reason is that the entry in the record should correspond with the judgment or decree which was actually rendered, and the court has the power, and it is its duty, even at a subsequent term, to make such changes in the entry as will make it conform to the truth. Of course, under the guise of an amendment, there is no authority to correct a judicial mistake, but the authority of the court to amend its record in whatever way may be

necessary to make the record speak the truth, whenever the ends of justice require such amendment, has been recognized from the beginning of this court, notwithstanding the lapse of the term. The authority of the court is to amend its record so as to make it speak the truth, but not to make it speak what it did not speak but ought to have spoken. *King & Houston* v. *State Bank,* 9 Ark. 185, 47 Am. Dec. 739; *Arrington* v. *Conrey,* 17 Ark. 100; *Bobo* v. *State,* 40 Ark. 224; *Ward* v. *Magness,* 75 Ark. 12, 86 S. W. 822; *Liddell* v. *Bodenheimer,* 78 Ark. 364, 95 S. W. 475, 115 Am. St. Rep. 42; *St. Louis & N. A. Rd. Co.* v. *Bratton,* 93 Ark. 234, 124 S. W. 752, and cases cited; *Melton* v. *St. L. I. M. & S. Ry. Co.,* 99 Ark. 433, 139 S. W. 289; *United Drug Co.* v. *Bedell,* 164 Ark. 527, 262 S. W. 316, and cases cited; and *Evans* v. *United States Anthracite Coal Co.,* 180 Ark. 578, 21 S. W. (2d) 952, and cases cited.

Whenever the question has arisen, the court has held that mere lapse of time, where the rights of third persons have not intervened, does not render it inequitable to amend the decree. In *Liddell* v. *Bodenheimer,* 78 Ark. 364, 95 S. W. 475, 115 Am. St. Rep. 42, it was held that there is no limitation within which an order omitted from the record may be recorded. Again, in *Melton* v. *St. L. I. M. & S. Ry. Co.,* 99 Ark. 433, 139 S. W. 289, it was held that when the record of a judgment is amended by the court by a *nunc pro tunc* order, the amendment related back to the time when the original entry was made, and, except as to the right of innocent third parties, the effect is the same as if it had been entered upon the date when it was actually made. See also *Foohs* v. *Bilby,* 95 Ark. 302, 129 S. W. 1104.

In a case-note to 10 A. L. R. at page 568, it is said that the view now generally accepted is that all merely clerical errors or misprisions in judgments or decrees may and should be corrected by the court which rendered or made them in proper proceedings upon adequate evidence by appropriate *nunc pro tunc* amend-

ments, notwithstanding the lapse of the term and at later and subsequent ones. Many cases from courts of last resort are cited in support of the rule.

This court is also committed to the rule that parol or other satisfactory evidence is sufficient to authorize a *nunc pro tunc* order or judgment. All that is necessary is that the evidence should be satisfactory, clear and convincing. *Bobo* v. *State,* 40 Ark. 224; *Ward* v. *Magness,* 75 Ark. 12, 86 S. W. 822; *Liddell* v. *Bodenheimer,* 78 Ark. 364, 95 S. W. 475, 115 Am. St. Rep. 42; *Goddard* v. *State,* 78 Ark. 226, 95 S. W. 476; *Bowman* v. *State,* 93 Ark. 168, 129 S. W. 80; *Sutton* v. *State,* 163 Ark. 562, 260 S. W. 409; and note to 67 L. R. A. at 848.

Other cases adhering to the doctrine that courts of record have the power to amend *nunc pro tunc* their own judgments and decrees at subsequent terms to make them speak the truth and to correct clerical mistakes upon any clear, competent, and convincing evidence in point, either in or out of the record, and whether documentary or oral, official or unofficial, may be found in a case-note to 10 A. L. R. 641. Among the cases cited is *Murphy* v. *Stewart,* 2 How. (U. S.) 263.

In the case at bar, appellant alleges that the land allotted as dower to appellant was erroneously described in the decree. Treating the entry as a mistake of the clerk, as it should be treated, the case falls within the principles above announced that whatever limitation there may be upon the power of the court after the term of court to correct its judicial errors, there is nothing in the way of correcting clerical mistakes or misprisions so that the judgment may conform to what the court intended it should do. It has been well said that if courts did not have this power, they would be very inefficient agencies for the administration of justice. *McClure* v. *Bruck,* 43 Minn. 305, 45 N. W. 438.

The demurrer of appellant admits that the erroneous description of the land was not in accordance with the decree allotting dower to appellant. Hence there is nothing requiring proof to be made as a prerequisite of

the rights of appellees to have the judgment amended so as to speak the truth. *McNeese* v. *Raines,* 182 Ark. 109, 34 S. W. (2d) 225. There is no suggestion in the record that appellant or any third person will be injured by making the correction. On the contrary, the complaint alleges the facts to be that the person holding the land as tenant in common with appellees recognizes that the description in the original decree is a mistake, and that it should be corrected. There is nothing to show that appellant, relying on the original decree as written, has placed herself in such a position that, to correct the mistake, will operate to defraud her. Therefore, the chancery court rightly corrected its original decree so that the entry may contain a correct description of the land which was assigned to appellant as dower, as described in the complaint, and that the entry may conform to what the chancery court intended in the original decree. It follows that the decree will be affirmed.