IRBY *v.* DRUSCH.

4-9010                    224 S. W. 2d 366

Opinion delivered November 21, 1949.

*Arthur Sneed,* for appellant.

*Ira C. Langley* and *E. G. Ward,* for appellee.

DUNAWAY, J. This is an appeal from an order of the Chancery Court of the Eastern District of Clay County, dated January 21, 1949, entering a decree *nunc pro tunc* in a 1928 foreclosure suit in that court. The decree *nunc pro tunc* was entered on motion of one Emil Drusch, plaintiff, in cause No. 2610, *Emil Drusch v. Lee Ridenour, et al.* This decree *nunc pro tunc* was entered over the objection of appellants, W. O. Irby and wife, Ollie Irby, who intervened in the instant proceeding by Drusch.

At the time Drusch filed his motion seeking a decree *nunc-pro tunc* in cause No. 2610 there was pending in the Clay Chancery Court, Eastern District, cause No. 4619, wherein Emil Drusch is also plaintiff, and Subsidiary Drainage District No. 23 of the St. Francis Drainage District of Clay and Green counties, Arkansas, W. O. Irby and wife, Ollie Irby, and others are defendants. In the latter suit the Irbys claim ownership of part of the land involved in the 1928 foreclosure suit. The Irby's claim to title derived from a 1943 deed from the Drainage District and *mesne* conveyances. They were not parties to the original action in case No. 2610 and claim no interest through the parties thereto.

Intervention of the Irbys in the *nunc pro tunc* proceedings was objected to by Drusch on the ground that they had no interest in the original action and claimed no rights arising therefrom. Interveners argued that no decree *nunc pro tunc* could be entered, because the decree of foreclosure in cause No. 2610, if there actually was a decree, was void. This contention was based upon an allegation that no affidavit for warning order was filed in that action for obtaining constructive service on the defendants, all of whom were non-residents of this State.

In the *nunc pro tunc* proceedings, no effort was made to obtain service on the original defendants in cause No. 2610, and no notice was given them.

The chancellor found that a decree of foreclosure had been rendered on November 26, 1928, in that cause, and ordered the entering of the *nunc pro tunc* decree sought by Drusch.

Whether or not the decree of foreclosure in cause No. 2610 was void for want of proper affidavit for obtaining constructive service on the defendants in that action, it is not now necessary to decide. The question is raised here by the Irbys, who were not parties to the foreclosure suit, and claim no interest in the lands in litigation through those who were. The Irbys are not proper parties to raise the question. We have, of course, recognized that decrees may not be amended *nunc pro tunc* after the lapse of much time, where intervening rights of third parties would render such a procedure inequitable. *Kory* v. *Less,* 183 Ark. 553, 37 S. W. 2d 92. But the right to object on this ground is limited to third parties whose interests might be prejudiced by the decree *nunc pro tunc.* That is not true here. Our holding that the Irbys are not proper parties to attack the validity of the foreclosure decree in the present proceeding in cause No. 2610, does not affect their right to do so in any other action where they are properly parties and their rights are affected.

The record shows that no notice was given to the parties against whom the decree *nunc pro tunc* was entered. The court's order was therefore erroneous for notice must first be given to parties to the original action when *nunc pro tunc* relief is sought. *Simpson* v. *Talbot,* 72 Ark. 185, 79 S. W. 761; *Bridwell* v. *Davis,* 206 Ark. 445, 175 S. W. 2d 992.

The cause is remanded for proceedings consistent with this opinion.