MILLER LAND & LUMBER CO. *v.* GURLEY.

Opinion delivered December 16, 1918.

1. MANDAMUS—TAXES—COMPELLING COLLECTOR TO RECEIVE REDUCED AMOUNT.—Where the county court reduced a tax assessment, but the clerk erroneously carried forward on the tax book the original assessment, the landowner may by mandamus compel the tax collector to receive the reduced tax.

2. JUDGMENT—COLLATERAL ATTACK.—A judgment correcting *nunc pro tunc* a former entry cannot be attacked collaterally by showing that notice was not given.

3. APPEAL—REVIEW—PRESUMPTION.—On appeal from a judgment correcting a former entry *nunc pro tunc,* where the record is silent, the presumption is that notice was given.

4. JUDGMENT WITHOUT NOTICE—REMEDY.—Where an order amending a former judgment entry was made without notice, the remedy is to apply to the trial court on showing that amendment was made without notice and that the original order was proper.

5. MANDAMUS.—Where a landowner did not offer to pay the correct amount of taxes due on the basis of the valuation fixed by the county court, but insisted on being allowed to pay less than the true amount due, it is not entitled to mandamus to compel the collector to accept the amount fixed by the county court.

Appeal from Miller Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*Will Steel,* for appellant.

The court erred in refusing the mandamus. Every land owner has the right to have his lands correctly assessed as to description and acreage on the tax books. There was an error made and it was the duty of the sheriff to correct it. It was purely a ministerial duty to correct the error. 113 Ark. 142; Kirby's Digest, § § 6989, 7180. The county clerk has done his duty to correct the error and it was sought only to require the sheriff to perform a plain ministerial duty required by law. *Supra.*

*Tillman B. Parks,* for appellee.

The mandamus was properly refused. The original order was erroneous and was properly corrected by *nunc pro tunc* order to speak the truth. 118 Ark. 497; 93 *Id.* 548; 51 *Id.* 231; 118 *Id.* 593; 35 *Id.* 278. Notice was not necessary. *Supra.*

McCULLOCH, C. J. Appellant is a domestic corporation, and owns a large body of land in Miller County which it duly and regularly listed for taxation for the year 1917. The boards of assessment for the respective townships in which the lands were situated increased the valuations as listed by appellant, and the latter appealed to the county court, where an order of that court was entered of record on the 11th day of October, 1917, reducing the valuations of said lands to $1.50 per acre. The tax book prepared by the clerk and certified to the tax collector carried the lands of appellant at the valuation of

$2 per acre, as assessed by the township boards, but appellant obtained from the county clerk a certificate of error in the assessment and presented that to the collector with a demand that he correct the assessment, and note the corrections on the margin of the tax books and accept payment of the taxes in accordance with the corrected list. The certificate of the clerk also corrected certain errors in the description of the lands. This demand was refused by the collector and appellant instituted the present action in the circuit court of Miller County against appellee as tax collector to compel him, by writ of peremptory mandamus, to accept the clerk's certificate of correction and note the same on the record and accept the payment of the taxes in accordance with the corrected list. At the hearing of the cause appellee introduced the record of an order of the county court of Miller County entered on May 7, 1918, reciting that the entry of the judgment of that court on October 11, 1917, was erroneous, and correcting the original record, *nunc pro tunc,* so as to show that the valuation was fixed by the court at $2 per acre. Thereupon the circuit court refused the mandamus, and an appeal has been prosecuted to this court.

Appellant contends that it has brought itself within the provision of Kirby's Digest, Sec. 6989, providing that where an error occurs in the description of lands, either by the assessor or by the clerk in making out the tax books "he may present such certified description to the clerk of the county court, who shall correct the error in accordance therewith, on the margin of the assessment list in his office, and certify such amendment to the collector of his county, who shall make a like amendment on the tax book."

The principal controversy in the present case relates to the valuation of the lands, and not concerning the descriptions of the particular tracts, though there seem to be some vagueness in the descriptions adopted by the clerk in making out the tax books. The statute just quoted does not relate to the question of

valuation at all, but merely to correction of descriptions. If, however, the county court had, as contended by appellant, reduced the valuation, and the clerk erroneously certified on the tax books the original valuation fixed by the respective boards of assessors, we see no reason why the landowner cannot avail himself of the remedy by mandamus to compel the collector to receive the amount of taxes according to the assessment as finally adjusted by the county court. Any attempt on the part of the collector to exact a greater amount than that fixed by the county court, notwithstanding an error of the clerk in making out the tax books, would be void.

But the record now before us containing the order of the county court entered May 7, 1918, shows that the county court did not in fact reduce the valuation of the lands to $1.50 per acre, and that the original judgment entered October 11, 1917, was incorrect. Appellant answers that by saying that the *nunc pro tunc* order entered by the court, was void on account of notice to appellant not being given, and it was shown by oral testimony at the hearing below that notice was not in fact given to appellant. The record of the order is silent as to notice. This is purely a collateral attack on the validity of the *nunc pro tunc* order of May 7, 1918, and it has been decided by this court that the judgment of a court correcting a former entry cannot be attacked collaterally by showing that notice was not given. *King* v. *Clay*, 34 Ark. 291. Even on appeal, where the record is silent, the presumption is indulged that notice was given. *Simpson* v. *Talbot*, 72 Ark. 185. The trial court was, therefore, correct in refusing to treat the order of the county court as void for want of notice.

If the order was in fact rendered without notice to appellant, as is now contended, and as the oral testimony in this case tends to show, the remedy open to appellant is to apply to the county court to set aside that order upon a showing that notice was not given and that there was no error in the entry of the original judgment reducing the valuation of the lands to $1.50 per acre.

According to the record before us, the valuation on the tax books was in accordance with the valuation fixed in the final order of the county court, and the collector properly refused to accept payment of taxes based upon the smaller valuation.

Judgment affirmed.

McCULLOCH, C. J. (on rehearing). Learned counsel for appellant now call our attention to an error in the statement of facts in the original opinion where we said that the valuations of the lands were carried forward on the tax books at $2 per acre—the same valuation fixed by the order of the county court entered on May 7, 1918 —and they show that the valuations on the tax books were in excess of that sum per acre, being based on the still higher valuation for the taxes of 1917. Counsel insist that since the collector demanded payment of taxes based on valuations in excess of those fixed by the order of the county court, appellant is entitled to the writ of mandamus compelling the officer to accept the correct amount of taxes based on the valuations fixed by the county court. The answer to this contention is that appellant did not offer to pay the correct amount, but insisted on being allowed to pay a smaller sum than the true amount due, and is therefore not entitled to the extraordinary relief asked for in this proceeding. The collector was in error in demanding more than the amount of taxes based on the valuations fixed by the county court, but appellant is in no attitude to claim affirmative relief against the officer until it offers to pay the correct amount due.

We adhere to the conclusions announced in the original opinion and the petition for rehearing is overruled.