## DANSBY V. BEARD.

SPECIAL JUDGE: *Selecting by agreement of parties : Appeal from orders of.*

Parties to a suit in which the presiding judge is disqualified, can not by agreement, select a special judge to try the cause. No such agreement can impart judicial power, and all orders and proceedings of such judge, including his grant of appeal to this court, are void, and the appeal will be dismissed at the appellant's cost.

*Martin & Martin*, and, *Met L. Jones*, for Dansby:

Argue upon the merits, which are not looked into by the court.

ENGLISH, C. J. Thomas Dansby brought ejectment against Alexander Beard in the Circuit Court of Bradley County for a tract of land. At the return term (September, 1880), the defendant filed an answer, and the Circuit Judge announced that he was disqualified by reason of his being related to the plaintiff, etc.; whereupon, it was agreed by the parties, a record entry shows, that William P. Stephens, Esq., an attorney practicing in the court, should preside as judge in the cause, by consent, and thereupon he was sworn, and entered upon his duties as such special judge. It appears of record that he made several orders in the cause in relation to the pleadings, etc.

At the March term, 1881, the following record entry was made :

" THOMAS DANSBY, *Plaintiff*,
v.
ALEXANDER BEARD, *Defendant.*

" Come the parties in this cause by their respective attorneys, and the Hon. T. F. Sorrels the regular judge, being

disqualified to preside by reasons heretofore given, it is agreed by the parties that A. C. Jones, Esq., a regular practicing attorney in this court, preside as special judge by consent, and thereupon the said A. C. Jones, is duly sworn according to law, and enters upon his duties as such special judge."

The record further shows that while the attorney so agreed on to act as special judge was presiding, there was a jury trial of the cause, verdict and judgment in favor of defendant, a motion for a new trial overruled, bill of exceptions signed, and appeal granted.

The Constitution provides that when a Judge of the Circuit Court shall be disqualified from presiding at the trial of any cause then pending therein, the regular practicing attorneys in attendance on said court, may elect a judge to try such cause, and the attorney so elected shall have the same power and authority as the regular judge, etc., and the proceedings shall be entered at large upon the record. *Article 7, section 20–21.*

A statute passed when the Constitution of 1868, which contained a similar provision, was in force, requires the clerk of the court to hold such election. *Gantt's Digest, sec. 1207.*

Parties to a suit may select an arbitrator, but they can not by agreement select a person to preside as judge, and try a cause in the Circuit Court; they can not by such agreement impart to him any judicial power. A special judge must be elected as provided by the Constitution.

The orders in this cause made by the first person agreed on to act as special judge, and the trial, verdict, and judgment before, and grant of appeal by the second person selected by the parties to act as special judge, were all *coram non judice*, null and void.

The appeal must be dismissed at the cost of appellant, and the cause will stand in the court below, as it did when the first person was agreed on as special judge.