### GAITHER v. WASSON AND WIFE.

SPECIAL JUDGE: *Parties can not agree on—must be elected.*
    A special judge must be elected by the attorneys at the court, as provided by the Constitution, and not by agreement of parties to the cause to be tried. A judgment or decree rendered by a special judge selected by agreement, is *coram non judice* and void.

APPEAL from *Carroll* Circuit Court, in Chancery.
Hon. JAMES A. WILSON, acting as Special Judge.

*Dodge & Johnson* for appellant.

Hon. James A. Wilson was not duly elected special judge as by law required, but only presided by consent of counsel. The judgment was *coram non judice* and void.

ENGLISH, C. J. It appears from the record, as amended, that this case being ready for hearing on bill, answer and depositions, and the regular judge being disqualified to sit in the case, it was submitted by consent of the solicitors of the parties, to James A. Wilson, Esq., as special judge, who as such heard the case, and rendered the decree in favor of Wasson and wife. Appealed from by Gaither.

A special judge must be elected by the attorneys of the court, as prescribed by the Constitution, and can not be agreed on by the parties to a suit, and a judgment or decree rendered by a special judge selected by agreement, is *coram non judice* and void, as held in *Dansby v. Beard, 39 Ark., 254.*

The decree must be reversed, set aside and held for naught, and the cause remanded to be heard anew by a competent court.