RAILWAY COMPANY *v.* PARKS.

Opinion delivered January 12, 1895.

*Railway—Stock killing—Presumption.*

The fact that an animal was found wounded on the right of way, but not on the track, of a railway company, and was afterwards shot by an employee of such company as being no longer of value, raises no presumption of law that the animal was wounded by a train of the company.

Appeal from Hot Spring Circuit Court.

ALEXANDER M. DUFFIE, Judge.

STATEMENT BY THE COURT.

Appellee, James T. Parks, was the owner of a mule which was found wounded on the right of way of the appellant railway company. He brought suit against the railway company for damages, alleging that the injury was caused by defendant in the operation of its locomotives and cars. On the trial the appellee testified, in substance, that after the injury he found the mule fifteen or twenty feet from the railway track. Its right fore leg was broken above the ankle. The bone was sticking out, and the foot hanging by the skin. Several persons came to look at the injured mule, and some one said it ought to be killed ; and thereupon a gun was

brought, and one of the section men shot it. That he neither consented nor objected to the shooting of the mule. The mule was found near a culvert on the railroad, and the appellee further testified that he looked and found the tracks of a mule going towards the culvert; that the tracks were visible within fifteen or twenty feet of the culvert, and then disappeared. On the other side of the culvert, where the mule was lying, tracks were also visible to within about fifteen or twenty feet of culvert, and, to use language of appellee, "seemed to slope off down the dump to where the mule was lying." Some of the witnesses testified they found hair on the culvert, similar to the hair of the mule. No one saw the mule at the time of the injury. The court, among other instructions, gave the following, over the objection of the railway company: "(1) The jury are instructed that when stock is found on the right of way of defendant company, mortally wounded, and its agents or employees kill the stock, as in this case, then the burden of the proof that the mule was not negligently killed by defendant is on the defendant to establish. (6) The court instructs the jury that there is no presumption that the defendant killed or injured the mule by merely finding it injured on the right of way and near to and off the tracks of defendant, unless they find that the mule was mortally wounded, and its agents or employees killed same afterwards."

To the giving of each of these instructions defendant excepted at the time. There was a verdict and judgment against defendant, and, a new trial being refused, the case was appealed.

*Dodge & Johnson* for appellant.

1. There must be evidence connecting the defendant with the injury. No presumption arises from the

fact that a dead animal is found near the track. 56 Ark. 551 ; 42 *id.* 126.

2. The fact that the section hand killed the animal raises no presumption, and does not relieve plaintiff of the burden of showing that the injury was caused by the defendant's train or cars.

RIDDICK, J., (after stating the facts.)   It is evident that, at the time the mule was shot, it was of no value. The appellee himself must have been of this opinion, for, when some one said in his presence that it was "suffering pain and ought to be shot," he made no objection. So we take it that he was not injured in any way by this shooting.   His complaint alleged that the mule was killed by the locomotive and cars of the railway company.   The answer of the railway company denied this allegation.   The question before the jury was whether or not the circumstances in proof were sufficient to prove that the injuries to the mule were caused by defendant in the operation of its trains, and we need only consider whether the instructions of the court touching this question were correct or not.

It has been several times held by this court that the mere fact that an animal is found on the right of way of a railway company, injured, raises no presumption of law that its injuries were occasioned by the running of the trains.   In such a case, to raise the statutory presumption of negligence against the company, there must be evidence to show that the injury was occasioned by the trains of the company.   *St. Louis etc., Co.* v. *Hagan*, 42 Ark. 126 ; *Railway Co.* v. *Sageley*, 56 Ark. 551.

When an animal, found wounded on the right of way of a railway company, is afterwards shot by an employee of such company, this raises no presumption of law that the animal was wounded by the trains of the

company. If, in any event, it could be said that such shooting was competent to go to the jury as a circumstance tending to throw light on the question of what was the cause of the injury to the mule, still, it would not be proper for the court to tell the jury that such an act shifted the burden of proof from the plaintiff to the defendant; for, even if competent, it would only be a circumstance for the jury to consider in connection with the other circumstances in the case. But there is nothing to show that, in shooting the mule, the section hand was acting as the agent of the railroad company. So far as the proof discloses, this foreman and his men had no power to affect the railway company by their acts or admissions in regard to the injury to the mule. It was not within the scope of their apparent authority to do so. We think that the shooting of this mule had no proper bearing on the question of what was the cause of the original injury to it, and that the court erred in so instructing the jury. The judgment is therefore reversed, and the cause remanded for a new trial.

Bunn, C. J., being absent, did not participate.