## ARKADELPHIA LUMBER COMPANY *v.* ASMAN.

### Opinion delivered March 26, 1904.

1. SPECIAL JUDGE—ELECTION.—Under Const. 1874, art. 7, § 21, providing that, in case of the death, absence or disqualification of the circuit judge, a special judge may be elected by the regular practicing attorneys in attendance on the court, a special judge cannot be lawfully elected or appointed except in the manner provided by the Constitution. (Page 321.)

2. APPEAL—RECORD—BILL OF EXCEPTIONS.—Under Const. 1874, art. 7, § 21, providing that the proceedings in reference to the election of a special circuit judge "shall be entered at large upon the record," the fact that the special judge who presided in a cause was not appointed in the manner provided by the Constitution, must appear in the judgment record, and cannot be shown by bill of exceptions. (Page 322.)

3. JUDGE—PRESUMPTION OF REGULARITY.—Where the record in a case fails to show that a special judge presided in the trial, the presumption is that the regular judge presided. (Page 322.)

Appeal from Clark Circuit Court.

JOEL D. CONWAY, Judge.

Action by H. R. Asman against the Arkadelphia Lumber Company. The case was formerly on appeal, and is reported in 68 Ark. 526. From a second judgment in favor of plaintiff, defendant has appealed.

Appeal dismissed.

*J. H. Crawford,* for appellant.

The motion for new trial, upon the merely general ground that the verdict was contrary to law, was sufficient. 5 Ark. 702; 32 Ark. 154. Appellant complied with the law in presenting the bill of exceptions to the presiding judge and requesting him to sign it. Sand. & H. Dig. § 5849; 56 Ark. 595; 57 Ark. 1. A special judge can be selected only by strictly conforming to the provisions of the statute and constitution in relation thereto. 75 Miss. 522; *Ib.* 41 L. R. A. 569; 71 S. W. 248; 110 Ga. 362; s. c. 49 L. R. A. 176. The proceedings and judgment before the special judge are void. 34 Ark. 105; 42 Ark. 126.

*McMillan & McMillan,* for appellee.

The bill of exceptions is of no validity in this case. It was necessary that the judge correct and sign it. Sand. & H. Dig. § 5848. Appellant's remedy for a refusal of the court so to do was by mandamus. High, Ex. Leg. Rem. § § 200, 201, 205; Const. Ark. art. 7, § 4; 33 Ark. 568; 33 Am. Dec. 445; 89 *Id.* 337; 56 Ind. 7; 6 Johns. 279; 32 La. Ann. 1043; 41 Mich. 725; 41 Mich. 726; 3 Cold. 255; 13 Wis. 280; 51 Vt. 570. As to right to make bill of exceptions by affidavits of bystanders, see: 64 Ark. 598; 76 S. W. 1062; Sand. & H. Dig. § § 5848-9; 56 Ark. 595. By failure to specify the alleged temporary vacation of the bench by the presiding judge as a ground for new trial, appellant waived it. 39 Ark. 420. A general assignment that the verdict is contrary to the law is not sufficient. 44 Ark. 213; 70 Ark. 430; 39 Ark. 420; 12 Ark. 191. The presumption of regularity of judicial proceedings obtain against the contention that the judge improperly vacated the bench. 19 Ark. 97.

BATTLE, J. Appellant asks this court to reverse the judgment of the trial court for the following reason: After the parties to this action had announced themselves ready for trial, the regular judge of the court requested Hon. John E. Bradley, a practicing attorney-at-law, to preside as judge in the trial, and, Bradley consenting, vacated the bench; and thereupon and thereafter Bradley presided and acted as judge in the place of the regular judge during the trial, and until the jury returned a verdict, the regular judge being absent in the meanwhile. These facts do not appear in the record before us, except in a bill of exceptions attested by bystanders; the regular or special judges, and each of them, failing to sign the same.

These facts should appear in the record proper, and not in a bill of exceptions. The Constitution of this state ordains that, if the regular judge of a circuit court "shall become sick, or die, or unable to continue to hold such court after its term shall have commenced, or shall from any cause be disqualified from presiding at the trial of any cause then pending therein," the regular practicing attorneys in attendance upon the court, on notice, "may elect a judge to preside at such court or to try said causes," and that such proceedings shall be entered at large upon

S C—11

the record. Art. 7, § 21. The object of signing the proceedings to be entered on the record is to make the record show a proper organization of the court by which a lawful judgment could be rendered.

A special judge cannot lawfully be elected or appointed, and his election or appointment cannot be lawfully shown except in the manner provided by the constitution. "Parties to a suit in which the presiding judge is disqualified cannot, by agreement, select a special judge to try the cause. No such agreement can impart judicial power, and all orders and proceedings of such judge * * * are void." *Dansby* v. *Beard,* 39 Ark. 254; *Gaither* v. *Wasson,* 42 Ark. 126. And an appeal will be dismissed by this court when the record fails to show that the special judge who presided at the trial of the cause in which the judgment appealed from was rendered was elected for that purpose. *Wall* v. *Looney,* 52 Ark. 113.

The defect in the record in this case cannot be supplied by a bill of exceptions. "The office of a bill of exceptions is not to show facts that are properly matters of record, but to bring upon the record such matters as would not otherwise appear," and it cannot supply an omission to state a fact which should appear on the record proper. *Anthony* v. *Brooks,* 31 Ark. 725; *Planing Mill Lumber Company* v. *City of Chicago,* 56 Ill. 304.

The record in this case fails to show that a special judge presided in the trial, and the presumption is that the regular judge of the court presided. If the record fails to speak the truth, the remedy is an amendment.

Let the appeal be dismissed.