## ARKADELPHIA LUMBER COMPANY *v.* ASMAN.

### [Two cases]

### Opinion delivered June 4, 1906.

1. SPECIAL JUDGE—VALIDITY OF JUDGMENT—ESTOPPEL.—As it is beyond the powers of the parties to an action to consent to a record which will make valid a pretended judgment rendered by one not regularly elected as special judge, they will not, under any circumstances, be estopped to deny its validity. (Page 286.)

2. APPEAL—REASON ASSIGNED.—Where the bill of exceptions recites that the cause came on to be heard upon the motion of appellant to amend the record and response of appellee thereto, and that the court overruled the same, and that "the defendant thereupon offered to introduce oral evidence to sustain its motion, to which the plaintiff objected, and the court sustained the objection," and the record entry of the order overruling the motion shows that the court's action was based on the ground that the appellant was estopped from insisting upon a correction of the record, it will not be assumed on appeal that the court refused to permit the evidence to be introduced because it was offered after the motion had been overruled. (Page 288.)

3. JUDGMENT—VACATION—ELECTION OF REMEDIES.—If it be conceded that equity has jurisdiction to restrain the enforcement of an invalid judgment at law, the judgment defendant will not be prejudiced by a denial of the privilege of prosecuting an action in equity for this purpose while he is proceeding at law under the statute (Kirby's Digest, § 4431) to vacate the judgment. (Page 289.)

Appeals from Clark Chancery and Circuit Courts; *James D. Shaver,* Chancellor, and *Joel D. Conway,* Judge; the chancery case is affirmed; the other reversed.

*John H. Crawford,* for appellant.

1. A special judge can not be lawfully elected or appointed, except in the manner provided by the Constitution. 72 Ark. 320; art. 7, §§ 11 to 18, and 21. Under the facts in this case, there was no court within the rule stated in 2 Ark. 229. There must be jurisdiction in the court rendering the judgment, and jurisdiction is defined to be the power to hear and determine a cause. Freeman on Judgments, 4 Ed. § 118; *Ib* § 547; 34 Ark. 110; 55 Ark. 565. Consent can not confer jurisdiction. Freeman, Judg. § 120; 49 Ark. 443. And the agreement of parties that an attorney should act as a special judge confers on him no judicial power. 50 Ark. 34. A decree in chancery rendered in vacation, though entered upon the judgment record in a blank space left for that purpose, is a nullity, 71 Ark. 226. If, as held in 71 Ark. 112, it is reversible error for the presiding judge to leave the court room during a trial without suspending the trial, much more so is it reversible error to vacate the bench during the entire time of an alleged trial, leaving another to preside who is in no way qualified to act as a court. Want of jurisdiction may always be pleaded to a judgment, when sought to be enforced. 48 Ark. 151; 64 Ark. 108. The judgment being void, it is in effect no judgment. All proceedings founded upon it are worthless, and all acts performed under it are void. 58 Ark. 186; 7 Ark. 44; 9 Ark. 439. See also 64 Ark. 108; *Ib.* 556; 49 Ark. 397; 5 Ark. 424; 62 Ark. 439; 113 Ind. 10.

2. The so-called judgment may be enjoined in equity. 3 Yeager (Tenn.), 366; 16 Kan. 270; 23 La. Ann. 483; 63 Mo. App. 414; 33 Ark. 778; 50 Ark. 458; 61 Ark. 341; 68 Ark. 492; 73 Ark. 282; 73 Ark. 333; *Ib.* 440; 2 Dill. C. C. 312; Thompson, Prov. Rem. 277.

3. *As to the common law proceeding:* The court erred in refusing to hear testimony offered in support of the motion to correct and set aside the judgment entry, and in denying the motion on the ground that defendant is estopped by its conduct and the conduct of its counsel. 50 Ark. 344.

*McMillan & McMillan,* for appellee.

*As to the chancery proceeding:*

1. If appellant was entitled to an injunction, it should have applied to the court in which the judgment was rendered. Kirby's Digest, § 3986; 82 S. W. 696. The chancery court has no supervisory control over the circuit court. 57 Ark. 605.

2. Appellant is not entitled to relief in chancery, unless it can show that it has no adequate remedy at law. 48 Ark. 514; 82 S. W., *supra;* 57 Ark. 500. In this case the remedy was by amendment. 72 Ark. 322. Before a court will relieve against a judgment, the party must allege and prove a meritorious defense. 32 Ark. 438; 57 Ark. 599; 35 Ark. 123; 51 Ark. 341; 50 Ark. 458; 40 Ark. 388; 48 Ark. 535; Freeman, Judg. § 498. He must show that it was unjust, and not the result of inattention or negligence on his part. 43 Ark. 107.

*As to the law proceeding:*

The power to permit amendments should be exercised with great caution and delicacy after a case has been disposed of, and the court adjourned. 4 Ark. 591; 40 Ark. 230, 232. The motion was not sworn to, nor any supporting affidavits attached to it. The motion did not allege a defense and the general nature thereof so that the court could judge of its sufficiency. 57 Ark. 503. Appellant offered no testimony until long after the motion was overruled. There was no abuse of discretion. Each case rests in the sound judgment of the court. 9 Ark. 188.

McCULLOCH, J. This is an action brought by appellee to recover the sum of $400 alleged to be due him by appellant for salary. The case was here on the former appeal, and the facts are stated in the opinion of the court. *Arkadelphia Lumber Company* v. *Asman,* 68 Ark. 526. The case was tried anew, and judgment again rendered against the defendant, and an appeal taken. On the second appeal appellant showed by its bill of exceptions

that the case was not heard before the regular judge of the court, as recited in the record entry of the judgment, but that the regular judge had vacated the bench and absented himself, and that one of the attorneys of the bar had assumed to act as special judge without having been elected, and the case was tried before a jury whilst he was presiding. This court held that the record, showing that the regular judge presided, could not be attacked by recitals of the bill of exceptions, and dismissed the appeal. *Arkadelphia Lumber Company* v. *Asman, 72* Ark. 320. The court held that if the record failed to speak the truth in that respect the remedy was to procure an amendment. Appellant thereupon filed in the circuit court of Clark County, in vacation, a motion to correct the said judgment entry, and alleged the foregoing facts concerning the absence of the regular judge. On the same day appellant filed its complaint in the chancery court of Clark County against the appellee, Asman, and the sheriff of Clark County setting forth the same state of facts concerning the absence of the regular judge and the incorrect recitals of the record as to its presence, and also alleging that execution had been issued on said judgment and was about to be levied, and that Asman was a non-resident of the State, and was insolvent. The prayer of the complaint is that further proceedings under said judgment be enjoined. The chancellor sustained a demurrer to the complaint, and an appeal was taken to this court.

The circuit court overruled the motion for amendment of the record, and an appeal to this court was also taken from that decision. Both appeals, therefore, involve substantially the same question, and are presented together.

As has already been pointed out, this court held, in dismissing the former appeal, that the proper method by which the alleged frailty in the proceedings below could be raised was by motion to correct the record entry of the judgment, so as to make it speak the truth. In that way it could be shown that the regular judge was absent, and that the trial was conducted before an incumbent of the bench who had not been elected as special judge. Such a showing and correction of the record would have rendered the judgment void. *Arkadelphia Lumber Co.* v. *Asman, 72* Ark. 320; *Dansby* v. *Beard,* 39 Ark. 254; *Gaither* v. *Wasson,* 42 Ark. 126; *Wall* v. *Looney,* 52 Ark. 113.

The learned circuit judge, in overruling the motion, based his decision on the ground that the record entry sought to be amended had been originally made with the full knowledge, consent and approval of appellant's counsel, and that said counsel had, soon after the trial, presented to the regular judge of the court for his signature a bill of exceptions reciting that he (the regular judge) had presided at the trial. He decided that appellant was estopped by said conduct of its counsel from insisting on a correction of the record. This view can not be sustained. Judicial powers as special judge can not be imparted by consent of parties. *Dansby* v. *Beard,* 39 Ark. 254; *Gaither* v. *Wasson,* 42 Ark. 126. It being beyond the powers of the parties to consent to such a record so as to make a valid judgment, they could not be estopped from asserting its invalidity.

It is contended, however, that, according to the recitals of the bill of exceptions, appellant submitted to the court its motion, the allegations of which were denied in a response filed by the appellee, without offering any proof to sustain the allegations until after the motion had been overruled. We do not think the bill of exceptions bears out that contention. It is true that the bill of exceptions recites that the cause came on to be heard upon the motion and response, and that the court overruled the same, and that "the defendant thereupon offered to introduce oral testimony to sustain its motion, to which the plaintiff at the time objected, and the court sustained the objection." We think it is too narrow a view to take of the record to say that appellant did not offer, in apt time, proof in support of the disputed allegations of its motion for amendment. The foregoing recitals in the bill of exceptions are continuous, and fairly disclose the fact that appellant stood ready to prove the allegations of its motion, which the court refused to permit, holding that appellant was estopped by the conduct of its attorney in consenting to the record entry of the judgment from asking for an amendment. The decision of the circuit judge is based, not upon a failure to prove the disputed allegations of the motion, but upon the grounds of estoppel. It can not now be sustained upon the ground that appellant failed to prove the allegations of its motion before it was overruled, and that the court properly exercised its discretion in refusing to allow such proof to be introduced after

the motion had been overruled. *Carpenter* v. *Dressler,* 76 Ark. 400.

The court erred in overruling the motion, and in refusing to permit appellant to prove that the regular judge of the court was absent when the case was tried. The judgment overruling the motion must therefore be reversed, and the cause remanded to the circuit court for further proceedings. It is so ordered.

The decision of the chancellor sustaining a demurrer to appellant's complaint must be affirmed, and it is so ordered. The statutes (Kirby's Digest, § § 4431, 3224) seem to afford a complete and adequate remedy at law for correction of the record so as to show the invalidity of the judgment and to prevent its enforcement (*Shaul* v. *Duprey,* 48 Ark. 331) ; but, if it be conceded that a court of equity had jurisdiction to grant relief against such a judgment, appellant can not be prejudiced by the denial of the privilege of prosecuting both proceedings at the same time.