ARKANSAS, LOUISIANA & GULF RAILWAY COMPANY *v.* KENNEDY.

Opinion delivered June 29, 1908.

1. APPEAL—METHOD OF BRINGING UP INSTRUCTIONS.—Where the bill of exceptions fails to incorporate the instructions given or refused by the court, though they are copied in the transcript, they will not be considered on appeal.  (Page 51.)

2. SAME—AMENDMENT OF JUDGMENT RECORD.—Recitals of the judgment record showing that a special judge was regularly elected cannot be contradicted by the bill of exceptions.  (Page 52.)

Appeal from Ashley Circuit Court; *T. E. Mears,* Special Judge; affirmed.

*Geo. W. Norman,* for appellant.

Witnesses should have been permitted to testify as to the improvement from the drainage of the property, and the jury should have been instructed according to such evidence.  41 Ark. 430; 44 *Id.* 258; 51 *Id.* 324; 54 *Id.* 140.

*Turner Butler* and *Robert E. Craig,* for appellee.

When the bill of exceptions fails to show that it contains all the instructions given below, this court will presume that the instructions given covered the law of the case.  46 Ark. 207; 74 *Id.* 88; 76 *Id.* 177.  And when embodied in the bill of exceptions, appellant must abstract them in his brief.  55 Ark. 548; 79 *Id.* 68; 83 *Id.* 136.

McCULLOCH, J.  This is a proceeding instituted by appellant railway company in the circuit court of Ashley County against appellee to condemn, for railroad purposes, a strip through a lot in the town of Hamburg.

The jury returned a verdict assessing appellee's damage at the sum of $600, and the railway company appealed.

The chief argument of learned counsel for appellant is that the damages were assessed at a grossly excessive amount.

The testimony was conflicting, and consisted mainly of the opinion of a number of witnesses who professed familiarity with the land in question and its market value.  It is unnecessary for us to state on which side we think the preponderance lies, as there was sufficient evidence to warrant the verdict.

Exceptions were saved to the refusal of the court to give one instruction asked by appellant and the giving of two instructions at the appellee's request.  The bill of exceptions does not purport to set forth all of the instructions, though the clerk has copied in other parts of the transcript a long list of instructions said to have been given at the instance of each party.  In this state of the record we cannot determine whether the jury received proper instructions or not.  The bill of exceptions must incorporate the instructions of the court, otherwise they cannot be considered by this court on appeal.  *J. F. Hartin Com. Co.* v. *Pelt,* 76 Ark. 177.

The case was tried before a special judge who, the record shows, was duly elected to preside on account of the sickness of the regular judge of the court. The validity of the proceedings is attacked on the alleged ground that the regular judge was present during the progress of the trial and from time to time interrupted the progress of the trial long enough to make orders in other cases. We have no evidence of these facts before us except the recitals of the bill of exceptions, and the records of the court can not be contradicted or varied in that manner. *Arkadelphia Lumber Co.* v. *Asman,* 72 Ark. 320.

We find no prejudicial error in the record, and the judgment is therefore affirmed.