## WARD *v.* STATE.

### Opinion delivered July 8, 1918.

APPEAL AND ERROR—CRIMINAL APPEAL—BILL OF EXCEPTIONS—SIGNATURE OF JUDGE—FELONY CASE.—It is necessary that the bill of exceptions, in a case where defendant has been convicted of a felony, shall be signed by the trial judge.

Appeal from Pike Circuit Court; *J. S. Lake*, Judge; affirmed.

*J. C. Pinnix,* for appellant.

1. Appellant was indicted as a principal but on the trial adopted the theory that he was present aiding and abetting, etc., under Kirby & Castle's Digest, § 1646. The evidence does not prove the crime and the burden was on the State. It failed. He was not shown even to have aided and abetted.

2. The court erred in refusing instructions 3, 6 and 8 asked by defendant. They state the law. 81 Ga. 592; 8 S. E. 450; 14 Wash. 527; 45 Pac. 145; 53 Am. St. 883; 164 U. S. 361.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. The evidence is ample to support the verdict.

2. There is no error in refusing instruction No. 3. While the law is perhaps sound the language is argumentative and improper. But the doctrine of reasonable doubt and burden of proof was fully covered in other instructions given.

3. The court did not err in refusing No. 6. Kirby's Digest, § 1563. It was defective and does not state the law. But the substance of it was given in others.

4. Instruction No. 8 was properly refused. It is improper to single out the evidence of good moral character and comment upon it. 62 Ark. 286, 302.

5. There is no bill of exceptions. This was a felony and the bill of exceptions was not signed by the judge.

HUMPHREYS, J. By Act 30, Acts of Arkansas, 1915, it was made a felony for any person to manufacture, or be interested, directly or indirectly, in the manufacture of any alcoholic, vinous, malt, spirituous or fermented liquors. Appellant was indicted, tried and convicted in the Pike circuit court, for the crime of manufacturing liquor under the aforesaid act. His penalty was fixed at one year in the State penitentiary. From the verdict and judgment of conviction, he has prosecuted an appeal to this court.

It is insisted that the judgment is erroneous on account of an alleged insufficiency of evidence to support the verdict, and of alleged errors on the part of the court in refusing to give instructions Nos. 3, 6 and 8 requested by appellant. This court will not reverse a judgment on account of an insufficiency of evidence to support it unless brought into the record by a proper bill of exceptions. *Norman* v. *Cammack,* 105 Ark. 121. Neither will this court consider instructions which were refused in the course of the trial if they are not included in a proper bill of exceptions. *O'Neal* v. *Parker,* 83 Ark. 133; *Ark. La. & Gulf Ry. Co.* v. *Kennedy,* 87 Ark. 50; *McKinley* v. *Broom,* 94 Ark. 147. It is thus seen that the assignment of errors in the instant case consisted of such errors as must be brought into the record by a proper bill of exceptions.

The attention of the court has been called to the fact that the bill of exceptions in the instant case was not signed by the trial judge. On inspection of the record it appears that the bill of exceptions was signed by the prosecuting attorney and counsel for appellant. Since the passage of Act 218, Acts 1911, a bill of exceptions may be agreed upon when signed by one of counsel for the respective parties, and when filed shall become a part of the record in a cause, except in felony cases. Prior to the passage of said act, it was necessary for the trial judge to sign the bill of exceptions in all cases before it became a part of the record. *Routh* v. *Thorpe,* 103 Ark. 46. It is still necessary that the trial judge sign the bill of exceptions in a felony case before it can be admitted as a part of the record. It was not permissible to authenticate the bill of exceptions in the instant case by counsel for the respective parties, as it was a felony case, and, since the bill of exceptions was not signed by the judge, as required by law, it can not be treated as a part of the record. It follows that there are no errors before this court for review.

The judgment is therefore affirmed.