## SMITH v. WALLIS-MCKINNEY COAL COMPANY.

Opinion delivered October 20, 1919.

1. APPEAL AND ERROR—TRIAL—TIME WHEN MOTION FOR NEW TRIAL WAS FILED.—The evidence held to show that appellant's motion for a new trial was not filed before the expiration of the term.
2. APPEAL AND ERROR—MINUTES ON JUDGE'S DOCKET—EVIDENCE.—The minutes entered by the judge on the docket of his court are competent evidence, but not conclusive of the facts which they recite; so, where the judge's docket showed that a motion for a new trial had been filed in time and overruled, it may be shown by other evidence that the docket entry does not speak the truth, and that the motion was in fact filed after the expiration of the term.
3. APPEAL AND ERROR—TRIAL—FILING MOTION FOR NEW TRIAL—EXPIRATION OF TERM—CONDUCT OF TRIAL JUDGE.—Where a verdict is returned against appellant, and the trial judge makes an entry in his docket that appellant has filed a motion for new trial, and the same was overruled, and gives the appellant to understand that he may file said motion later, after the adjournment of the term, and appellant relies upon such understanding, the court later is without authority to expunge the record entry showing that the motion for new trial was filed before adjournment of the term.

4. NEW TRIAL—MOTION MAY BE PRESENTED, WHEN.—Under Kirby's Digest, section 6216, as amended by Act 291, Acts of 1909, page 890, appellant may present motion for new trial to trial judge at any time within thirty days after verdict or decision, upon reasonable notice to the other party or his attorney of record. It is then the duty of the judge to pass upon said motion, and if he overrules the same to endorse upon said motion his ruling thereon, and to endorse an order granting an appeal to the Supreme Court, and granting appellant a reasonable time in which to file bill of exceptions.

5. APPEAL AND ERROR—MOTION FOR NEW TRIAL—MINUTES OF TRIAL JUDGE.—Under the facts as set out in syllabus three, *supra*, the court may correct his docket to speak the truth, where, at the time he made the entry he believed that appellant would file its motion for new trial before the expiration of the term, and where appellant did not do so.

6. APPEAL AND ERROR—ERRORS IN RECORD—RIGHT OF COURT TO CORRECT—DOCKET ENTRY.—A court of record may correct mistakes in its records which did not arise from judicial action of the court, but from the mistakes of the recording officer; and it may do this either on suggestion or motion of those interested, or upon its own certain knowledge and mere motion.

7. APPEAL AND ERROR—ABSENCE OF MOTION FOR NEW TRIAL.—When there is no motion for new trial this court can only correct such errors as appear in the record proper or judgment roll.

8. MASTER AND SERVANT—INJURY TO SERVANT—COMPLAINT.—In an action for damages for personal injuries the complaint alleged defendant had carelessly and negligently failed to furnish deceased an entry to his place of work, with a safe roof, and that "by reason of defendant's negligence in looking after the safety and sufficiency of said entry way and roof, in ways unknown to plaintiff." *Held,* it was not error, upon motion of defendant, to strike the last clause above from the complaint.

Appeal from Franklin Circuit Court, Ozark District; *James Cochran,* Judge; affirmed.

*Allyn Smith* and *Jo. Johnson,* for appellant.

1. The court erred in striking from the amended complaint the clause alleging negligence. This error appears on the face of the record, and the error was prejudicial. 184 S. W. 456; 123 Ark. 119; 165 Ky. 632; 177 S. W. 445.

In an action for personal injury caused by the negligence of defendant, plaintiff may aver the negligence

complained of in general terms and may then show any specific acts of negligence which the evidence conduces to support, but if he specifically avers the acts constituting the negligence, he can not prove nor rely on acts constituting negligence not alleged in the pleadings. 205 S. W. 931, 933-4.

The error in striking out this clause entered into and vitiated the whole theory and the trial of plaintiff and forced appellant to submit the case to a jury. The particular mode of the injury and particular negligence need not be stated in the complaint. 51 Kan. 294; 77 Mo. 232, 234. This is the general rule in all Code States. 10 Minn. 418; 62 Ala. 494; 57 Ind. 297; 80 Ky. 82; 49 Mich. 380; Kirby & Castle's Digest, § 7533; Bliss on Code Plead. § 211-a; 80 Ky. 84; 42 Iowa 376; 34 Mo. 235; Bliss Code Pl., § 310-a. See also 45 Mo. 322.

2. The motion for a new trial was filed in due time, overruled and duly excepted to. The minutes of the judge show this, as does the record. 8 Kan. 228-35; 30 *Id.* 753. Appellee is estopped from disputing the truth of the record made here. The office of a *nunc pro tunc* order is to make the record speak the truth as to what was actually done.

3. The court erred in its instructions. 39 U. S. Sup. Ct. Rep. 407. Those asked by defendant and refused were contradictory and properly refused. 101 Ark. 117-120; 141 S. W. 763; 208 S. W. 765-6.

*Evans & Evans,* for appellee; *J. D. Benson,* of counsel.

1. It appears from the record, as well as from the testimony, that there was no motion for a new trial in the case, and there is nothing for the court to consider. 83 Ark. 356.

The power of a court of record to correct its own record to make it speak the truth is settled, and that was done here. 78 Ark. 228. Parol evidence was admissible. 78 Ark. 364; 78 *Id.* 227-8; 75 Ark. 12; 40 *Id.* 324; 103 Ark. 4; 82 *Id.* 188; 86 *Id.* 90.

The uncontradicted testimony shows that the judgment correcting the record is correct. The judgment of the circuit court amending the record should be affirmed. When this is done, there is nothing for this court to consider on appeal.

2. Counsel for appellant practically concedes that there is no motion for a new trial in the main case and there was no error in sustaining appellee's motion to make more definite and certain the complaint. The action of the court with reference to the motion to require appellant to make his complaint more definite and certain does not appear upon the face of the record and there was no motion for new trial and the error complained of cannot be considered. 93 Ark. 84; 61 *Id.* 33; 39 *Id.* 258; 34 *Id.* 684; 95 *Id.* 85, 382; 127 *Id.* 26. See also 132 *Id.* 9; Simpkins, Federal Suit at Law, p. 104; 92 C. C. A. 253, 527; 167 Fed. 75; 168 *Id.* 842.

3. There was no demurrer to the complaint nor the amended complaint, but the court sustained appellee's motion to make more definite and certain.

The rule of pleading in negligence cases is plain and well settled. This is not a case where the rule of "*res ipsa loquitur*" applies. The mere statement of the transaction does not raise an inference of negligence. The cause of action must be stated in ordinary and concise language of the cause of action. The general rule of pleading in actions of negligence is stated in 29 Cyc. 565. Reasonable certainty as to essential facts is required, facts showing a legal duty and neglect thereof by defendant resulting in injury. *Ib.*, p. 567. On motion to make more definite and certain, the acts or omissions characterized by negligence must be set up in traversable form and in such manner that defendant may be apprised of what it is called on to defend against. 29 Cyc. 564-5, etc.

The allegation in the amended complaint stricken out was not the allegation of any act or omission. It was indefinite and delusive and properly stricken out. 99 Ark. 302; *Ib.* 314; 102 *Id.* 187; 20 R. C. L. 173-175.

Defendant here availed itself of its legal remedy, and the court, as was its duty, struck out the paragraph, since plaintiff would not or could not make his complaint more definite and certain. 6 Thompson on Neg. Ch. 199, 482, § 7447. The act or omission must be stated by the pleader. In cases where there is a presumption of negligence from the happening of the act or omission to charge its act or omission is to charge something which warrants a recovery. *Supra.*

4. The instructions are not made part of the bill of exceptions. 45 Ark. 485; 74 *Id.* 88; 73 *Id.* 49; 53 *Id.* 215.

5. There was no evidence showing any negligence of appellee. He assumed the risk of injury from all sources except the negligence of the employer. It is not alleged, nor is there any evidence, that the company had any knowledge of any dangerous condition of the rock, or that it was negligently ignorant of such dangerous condition, nor that an inspection would have disclosed that the rock was about to fall or was defective or dangerous. No negligence was proved. The doctrine *res ipsa loquitur* does not apply. 74 Ark. 22. The burden was on appellant to show negligence. 79 *Id.* 437; 74 *Id.* 81; 208 S. W. 765; 95 Ark. 477.

WOOD, J. This action was brought in the Franklin Circuit Court by the appellant against the appellee to recover damages which the appellant alleged resulted to the widow and next of kin and to the estate of E. A. Page, deceased, by the negligence of the appellee.

There was a jury trial, a verdict rendered and judgment entered in favor of the appellee as of September 27, 1918, and this appeal.

The record concerning the filing of a motion for a new trial contains the following recital:

"On this September 27, 1918, the plaintiff being present by his attorney, Jo Johnson, and the defendant being present by its attorneys, J. H. Evans and J. D. Benson, and plaintiff files motion for new trial in the action, and the court, being well and sufficiently advised, doth over-

rule said motion for a new trial, and the plaintiff duly excepts and prays an appeal to the Supreme Court, which is granted and ninety days given to file bill of exceptions.''

At a succeeding term of the court, towit, on the 7th of February, 1919, the appellee, defendant below, filed a motion to strike from files of the court the motion for new trial, alleging that same had not been filed at the September term nor after that term had expired in the manner prescribed by law. The appellee further moved the court to correct the record entry made at the September term of the court which recited that a motion for a new trial was filed, that it was overruled, and that the plaintiff below, appellant here, saved his exceptions to the overruling of said motion.

The alleged ground of the motion to strike and to correct the record *nunc pro tunc* was ''that no motion for new trial was filed, considered or overruled by the court in term time and no exceptions thereto were saved by the appellant.''

The appellant was duly notified of the motion to strike and to correct the record *nunc pro tunc.*

On the hearing of this motion the appellee introduced the clerk, who testified to the recitals of the record as above set forth and stated that the record was entered the last day of the September term of court and that the motion for new trial was not filed on that day but some time after that; that the motion for new trial was sent to him through the mail and was marked filed as of the last day of the September term, 1918; it was a month and perhaps longer after that term of the court before witness received and filed the motion. Mr. Johnson, attorney for the appellant, prepared the precedent for the record recital above set forth and called witness' attention to the fact that the court record showed the filing of the motion for new trial.

J. H. Evans, one of the attorneys for appellee, testified that Mr. Johnson, who was the attorney for the appellant, did not file the motion for a new trial during

the September, 1918, term of the court; that he prepared a precedent for the entry showing that such motion was filed, overruled and exceptions saved, but none of that happened at the term of court; that he said he would prepare a motion later and would send witness a copy of it and witness never knew that he claimed to have filed a motion until he received a bill of exceptions; that the record entry showing that a motion for new trial was filed on September 27, 1918, was untrue. Witness knew that Mr. Johnson did not file any motion and that the court did not pass on it. Witness was asked by Mr. Johnson, the attorney for the appellant, the following question:

"Q. Don't you recall that while you and Mr. Benson were still sitting over there at the time the court from the bench asked me if I desired to make any further entries at that time and it was at that time that the court asked, in substance, if I wanted to take an entry for a new trial at that time and that the entry was made?"

Witness answered: "Might have occurred, but I have no recollection of it, Mr. Johnson."

Witness J. D. Benson testified that he was one of the attorneys for the appellee; that the case was concluded on the afternoon of the last day of court; that if there was any motion for new trial filed at that time witness did know it.

Jo Johnson, attorney for the appellant, testified in part as follows: "The minutes of the judge's docket read as follows: '9-27 plaintiff files motion for new trial, motion overruled and plaintiff excepts and prays an appeal to the Supreme Court, prayer granted and ninety days given to file bill of exceptions.'

"The minutes of the judge's docket state the truth as to the entries on the docket, and these entries were made in open court before the judge had left the bench and while I was in open court, and also both of the counsel for the defendant were still there in open court, and at the time I think they understood it and knew it. I never had any thought to the contrary until I have heard statements from the counsel for the defendants. The entry

by His Honor on the bench, the regular judge as presiding now, Judge Jas. Cochran, called my attention to it, or probably I would have missed mentioning it right away because the court was about ready to adjourn when the jury returned the verdict. That was the last important entry. I then said in reply to the court: 'Yes, I would like to have an entry of the filing of a motion for a new trial.' 'I will not have anything to argue before the court.' I asked Judge Evans about including the entry of plaintiff's motion for new trial in the precedent for the judgment. He objected. There was a precedent prepared. It was left with the clerk. That precedent was entered. On the motion for new trial in entry judgment in favor of the defendant, I had no intention to say to Judge Evans that I would furnish him a copy of the motion. I never knew until today that Judge Evans expected a copy of that motion for new trial. As to the statement of the clerk that I said I would prepare that motion for a new trial before I left town, I did not understand that I made that sort of a statement. I knew I was not going to write it. I think the Judge knew that I was going to leave. The judge knew that I had not written the motion for a new trial. As to when the motion for a new trial was actually written, under protest and objection, I state I think I wrote it right away after I got to my office. I do not know the date it reached the hands of the clerk. I don't know whether I sent it direct to the clerk. I did not actually file this motion until some time after that. I prepared the motion for new trial after the court adjourned. I wrote on the motion for a new trial the endorsements: 'Filed September 27, 1918, Clerk,' leaving the place blank. I did that because the court said or asked or else I had said between the time Your Honor made that entry on the docket showing the truth of the transaction in the court and signed the motion for a new trial, it would be all right to file as of the date on which Your Honor made the docket entries."

The above constitutes the substance of all the testimony that is material on the motion to strike and to correct the record by *nunc pro tunc* entry.

The court found that the minutes were entered on the docket by the court as set forth above; that "no motion for new trial was filed by the plaintiff during the sitting of the court nor until some time after the court adjourned, and therefore the court finds that the record does not speak the truth when it says that said motion for new trial was filed, overruled and exceptions saved."

The court thereupon entered an order amending the record so as to show that the motion for new trial was not filed until after the court had adjourned. The appellee duly excepted to this ruling.

(1) The finding of the court that the motion for new trial was not filed until after the court adjourned was sustained by substantial evidence. Indeed, counsel for the appellant concede that the motion was not filed during that term, and Johnson testified that he prepared and filed the motion some time after the court had adjourned.

(2) While the minutes of the judge's docket shows that the appellant filed his motion for new trial on September 27, 1918, and the clerk of the court entered up his record in accordance with these minutes showing that the motion was filed and overruled September 27, 1918, yet the facts, as developed by the undisputed testimony of the clerk and of the attorney for the appellant who prepared and presented the motion, show that the record entry made by the clerk was not in accordance with the facts and that the minutes entered on the judge's docket did not correctly state the facts. The minutes entered by the judge on the docket of his court were competent evidence but not conclusive of the fact which they recite. On the application, therefore, of the appellee duly made to correct the record *nunc pro tunc* so as to make the same speak the truth, the court after hearing the evidence doubtless concluded that these minutes did not correctly reflect the facts, but that the truth was as shown by the testimony of the clerk who made the record entry and by the testimony of the attorney for the appellant, that the motion was in fact not filed until some time after September 27, 1918, and after the court had adjourned for the term.

(3) If the testimony proved conclusively that the circuit judge, when his court was about to adjourn, stated to counsel for appellant that he would let the record show that his motion for new trial was filed as of that day and overruled, noting appellant's exceptions to the court's ruling, when in fact the judge knew that no motion for a new trial would be filed that day, and if the proof showed that the attorney for the appellant was induced by this suggestion of the judge to delay filing his motion for new trial until after the court had adjourned, and if the testimony proved that the attorney for the appellant was assured by the judge from the bench that his motion for new trial, although presented and filed after the court adjourned, would be treated as filed during, and as of the last day of the term, then, if the court afterwards struck from its files a motion for new trial that had been presented by the counsel for the appellant, acting upon the court's suggestion, and expunged a record entry showing that a motion had been filed as of the last day of the term, such act by the court would be a fraud upon appellant's rights which could not avail appellee. If such were the facts, appellant would be entitled to a reversal of the judgment and a new trial on account of an error prejudicial to appellant by act of the court under the ancient maxim, "An act of the court shall prejudice no one." Broom's Legal Maxims, 99.

(4) But, after a careful consideration of the testimony of counsel for the appellant, we do not find that his testimony warrants the conclusion that his failure to file the motion for new trial during the term was caused by the act of the judge in entering upon his docket the recitals above set forth. There is nothing in the recitals themselves nor in the testimony of counsel for the appellant which excludes the idea that the judge at the time he made the entry believed that counsel for the appellant had filed or would file the motion for new trial as of the day shown by the entry, September 27, 1918. In the absence of positive evidence showing that the judge knew at the time he made the entry that the motion for new trial was not filed

and would not be filed on that day, we must assume, in justice to the judge of the court, that he had no such knowledge, but on the contrary that his minutes reflected what he believed to be the fact, towit, that the motion for new trial would be filed on that day before the court finally adjourned for the term. Unless the court did so believe, there was no necessity for making any record entry at that time showing that the motion for new trial was filed and overruled. For, under our statute, section 6216 of Kirby's Digest, as amended by act 291 of the act of May 31, 1909, page 890, the appellant could have presented his motion for new trial to the judge at any time within thirty days after the verdict or decision, upon reasonable notice to the opposing party or his attorney of record. In which case it would have been the duty of the judge to pass upon said motion, and if he overruled the same to endorse upon such motion his ruling thereon, and if he overruled the same to also endorse thereon an order granting an appeal to the Supreme Court, and granting the appellant a reasonable time in which to file his bill of exceptions.

(5) Counsel for appellant contend that if the judge entered these minutes on his docket knowing at the time that a motion for new trial was not and would not be filed on the 27th of September, 1918, as therein stated, and that the record was entered by the clerk from these minutes (he also having personal knowledge of the fact), then such record could not be impeached by oral testimony showing that it did not speak the truth. If the facts were as counsel contend, they would be correct for the reason that the minutes of the judge so entered with knowledge of the facts and the record made in accordance therewith would be an act of the court in fraud of and prejudicial to the appellant's rights, of which appellee could not avail himself as we have already seen under the maxim stated. The court under such a state of facts would not be allowed to stultify itself to the prejudice of the litigant. But if, on the contrary, the judge at the time he entered these minutes on the docket

did so under the belief that the motion for a new trial would be filed before the court adjourned on September 27, 1918, as recited in the minutes, and if the court afterwards ascertained that the minutes were entered under an honest mistake of fact, and that the record made therefrom did not speak the truth, then it would be its duty and within its power to correct the same in accordance with the facts as they actually existed.

The law on this subject is well settled by our own and the authorities generally. In *King & Houston* v. *State Bank,* 9 Ark. 185, we said: "The authority of the court, in such cases, does not arise from the statute of Amendments and Jeofails, etc., but from the high equity powers of the court, which enable it to amend in whatever may be necessary to make the record speak the truth, whenever the ends of justice require such amendment."

(6) In *Louis* v. *Ross,* 37 Me. 230, it is held, quoting syllabus, that a "court of record may correct mistakes in its records which did not arise from the judicial action of the court, but from the mistakes of its recording officer; and this it may do either on suggestion or motion of those interested, or upon its own certain knowledge and mere motion."

Other cases to the same effect in our own and other courts are: *Sweeney* v. *State,* 35 Ark. 588; *Bobo* v. *State,* 40 Ark. 324; *Ward* v. *Magness,* 75 Ark. 12; *Goddard* v. *State,* 78 Ark. 228; *Liddell* v. *Bodenheimer,* 78 Ark. 364; *Roberts & Schaeffer Co.* v. *Jones,* 82 Ark. 188; *Schofield* v. *Rankin,* 86 Ark. 90; *Lower* v. *Hart,* 93 Ark. 548-553; *Hydrick* v. *State,* 103 Ark. 4; *Wright, Petitioner,* 134 U. S. 136-141; *Waters* v. *Engle,* 53 Md. 179; *Greff* v. *Fickey,* 30 Md. 78; *Cribb* v. *State,* 45 S. E. (Ga.), 396; *Balch* v. *Shaw,* 7 Cush. 282-5; *Christensen* v. *Hodges,* 84 Pac. 530; *Strickland* v. *Strickland,* 95 N. C. 471.

Counsel for appellant concede that no motion for new trial was filed in vacation in compliance with the terms of the statute, *supra.*

(7) The record, therefore, shows that no motion for new trial has been filed in this cause. "Where there is no motion for a new trial, we can only correct such errors as appear in the record proper or judgment roll." *Hayes* v. *Hargus,* 127 Ark. 22-26; *Haglin* v. *Atkinson-Williams Hardware Co.,* 93 Ark. 85; *Independence County* v. *Tomlinson,* 93 Ark. 382.

(8) The amended complaint alleges: "Said roof so caved and said Page was so injured because defendant, through its servants aforesaid and others, unknown to plaintiff, carelessly and negligently failed to furnish for the use of said Page an entry way with a safe roof; failed to make it safe and to inspect it and to remove said rock and to prop it sufficiently and by reason of defendant's negligence in looking after the safety and sufficiency of said entry way and roof in ways unknown to plaintiff."

The appellee moved to make the amended complaint more definite and certain by striking out the words in the above, towit: "By reason of defendant's negligence in looking after the safety and sufficiency of said entry way and roof, in ways unknown to plaintiff." The record showing the court's ruling recites: "The court sustains said motion and strikes said words from the paragraph of the complaint, the plaintiff duly excepts to this judgment of the court."

Conceding, without deciding, that the ruling of the court is properly challenged by the record before us, nevertheless there was no error prejudicial to appellant in striking out the allegation set forth above.

The amended complaint alleged that Page was injured by the caving in of the roof to the entry way of the room where Page was working so that a large rock fell on Page.

It further alleged that the injury was caused by the negligence of appellant in failing to furnish Page with a safe roof, to inspect it, to remove said rock and to prop it sufficiently.

After these general and specific allegations of negligence, it is manifest that no prejudice could have resulted to appellant in striking out the clause set forth. It was in substance but a mere repetition of the allegations that had gone before. Under the allegation that the defendant "had carelessly and negligently failed to furnish for the use of said Page an entry way with a safe roof," the appellant could have adduced all the evidence that it was possible to adduce under the clause which the court struck out.

There are no errors prejudicial to appellant appearing upon the face of the record proper or judgment roll, and the judgment must therefore be affirmed.