HOBBS *v.* BOLZ COOPERAGE COMPANY.

Opinion delivered October 25, 1920.

1. APPEARANCE—FILING ANSWER WITHOUT RESERVATION.—In a mortgagee's action for possession of mortgaged chattels, where the court overruled defendants' plea of jurisdiction, their answer, denying plaintiff's title and claiming the property under another chattel mortgage, filed without reserving the jurisdictional question, constituted a general appearance.

2. VENUE—REPLEVIN.—An action of replevin for possession of mortgaged chattels is transitory, and may be brought in any county in which the defendants may be found or may appear, and need not be brought in the county where the property is situated.

3. EXCEPTIONS, BILL OF—SIGNATURE OF JUDGE.—An instrument purporting to be a bill of exceptions, but which is not signed by the trial judge, can not be considered as such.

4. APPEAL AND ERROR—NECESSITY OF BILL OF EXCEPTIONS.—Where there is no bill of exceptions in the transcript, the proceedings can not be reviewed for errors occurring during the trial.

5. APPEAL AND ERROR—PRESUMPTION IN ABSENCE OF BILL OF EXCEPTIONS.—In the absence of a bill of exceptions, it will be presumed on appeal that there was sufficient evidence to support the verdict, and that the proceedings were free from error.

Appeal from Crittenden Circuit Court; *R. H. Dudley,* Judge; affirmed.

The appellants, *pro sese.*

1. The court had no jurisdiction. The suit was was brought in Crittenden County and the mules were in St. Francis County. Kirby's Digest, § 7512; 63 Ark. 30; 101 *Id.* 142.

2. It was error to admit in evidence the first mortgage of appellees as a foundation of the suit. 73 Ark. 589.

3. A directed verdict should have been given for appellants as the evidence was uncontradicted in favor of appellants. The general clause in the mortgage was intended to cover and did cover all the stock J. A. Gill owned, and the description is sufficiently definite. Jones on Chat. Mortg. (5 ed.), § 54-B; 46 N. W. 1004; 43 Am. Dec. 289; 46 *Id.* 680-686; 78 Ala. 28; 79 *Id.* 335; 54 Miss.

351; 109 N. C. 212; 103 Pac. 582; 51 Ark. 410; 47 So. Rep. 936; 52 Ark. 371; 161 S. W. 183; 186 *Id.* 86; Jones on Chat. Mortg., §§ 65-76.

4.    It was error to overrule the motion to dismiss the suit based on the second mortgage because plaintiff did not file with his complaint an itemized statement of the account of the mortgagor, J. A. Gill.    92 Ark. 313.

5.    The court should have instructed a verdict at the conclusion of the proof as the evidence is conclusive that Gill owned the mules since 1916.

6.    There was absolutely no evidence to sustain the verdict.

*Rudolph Isom,* for appellee.

There is no bill of exceptions before the court and there are no errors of law apparent from the record. 109 Ark. 543; 111 *Id.* 353; 59 *Id.* 178; 53 *Id.* 415; 103 *Id.* 456.

McCULLOCH, C. J.    Appellee sued appellants Hobbs and Horsley in the circuit court of Crittenden County for the possession of six mules, claiming title to the property under two chattel mortgages executed by one Gill, and an order of delivery was issued at the commencement of the action and the property was taken thereunder by the sheriff.    The process in the action is not incorporated in the transcript, but appellants filed a demurrer in which they alleged that they were nonresidents of Crittenden County, that they were summoned by warning order and that the order of delivery was executed in St. Francis County.    The demurrer challenged the jurisdiction of the circuit court of Crittenden County. Said appellants also set forth in their plea that the property was in the possession of appellant J. J. Crump, who was trustee in a deed of trust executed by Gill to him on the property involved in this controversy to secure a debt to appellants, and they asked that Crump be made a party defendant with them in the action.

The court overruled the plea to the jurisdiction, but entered an order making Crump a party defendant,

whereupon all of the appellants, Hobbs, Horsley and Crump, filed an answer denying the allegations of the complaint with respect to the ownership of the property, and they set up a claim to the property under a chattel mortgage executed by Gill to Crump, as trustee. Each of these pleas were filed without any reservations whatever, and constituted a general appearance in the action. *Hearn* v. *Ayres,* 77 Ark. 497; *C., R. I. & P. Ry. Co.* v. *Jaber,* 85 Ark. 232; *Greer* v. *Vaughan,* 96 Ark. 524.

An action for the recovery of personal property is transitory and can be brought in any county where the defendants may be found or may appear. The action is not local in its nature and need not be brought in the county where the property is situated.

It appears from the pleadings that each of the parties claimed the right of possession under mortgages executed by Gill and the issues were tried before a jury. There is no bill of exceptions in the record—that which purports to be a bill of exceptions not being signed by the trial judge—therefore we can not review the proceedings for assigned errors occurring during the trial. We must assume, in the absence of a bill of exceptions, that there was sufficient evidence to support the verdict and that the proceedings were free from error. The mortgages were exhibited with the pleadings, but we do not know, in the absence of a bill of exceptions, that they were introduced in evidence, and, besides, the identity of the property claimed under the respective mortgages depended on the testimony adduced at the trial, which is not now before us.

Judgment affirmed.