McGonagill v. State.

Crim. 3941

Opinion delivered September 23, 1935.

W. B. Scott, for appellant.

Carl E. Bailey, Attorney General, and Guy E. Williams, Assistant, for appellee.

Butler, J. The appellant was indicted by the grand jury for the crime of murder in the first degree for the killing of Hershel Taylor. At the trial he was convicted of murder in the second degree, and his punishment was fixed at imprisonment in the State penitentiary for a term of ten years. From the verdict and judgment thereon this appeal is prosecuted.

It is here argued by the appellant that the evidence adduced at the trial was not legally sufficient to support the verdict, and that he was prejudiced by the remarks

of the prosecuting attorney during the course of his argument. Appellant has prepared and incorporated in the transcript what purports to be "synopsis of the evidence in the above-styled cause to be used in lieu of bill of exceptions, it being too late for the court reporter to prepare bill of exceptions." It is stated in appellant's brief that the synopsis of the evidence prepared was approved by the prosecuting attorney.

In the case of *Austin* v. *State,* 183 Ark. 481, 36 S. W. (2d) 400, a similar record was presented to this court which said (referring to the record): "This cannot be considered upon appeal for two reasons: In the first place, it was not filed with the clerk within the time allowed by the court for filing a bill of exceptions. In the second place, it is still necessary that the trial judge sign the bill of exceptions in a felony case before it can be admitted as a part of the record upon appeal. *Ward* v. *State,* 135 Ark. 259, 204 S. W. 971. The trial judge did not sign what purports to be the bill of exceptions, and our review is limited to errors apparent on the face of the record." Here there was no bill of exception presented to the judge or filed with the clerk.

We have examined the indictment and find it and the judgment and sentence to be in proper form. The judgment must therefore be affirmed.