HOLLIMAN *v.* STATE.

4511                                    213 S. W. 2d 617

Opinion delivered October 4, 1948.

*Robert J. Brown,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

HOLT, J.   Appellant, Jim Holliman, by information was charged with two offenses, burglary and grand larceny.   A jury convicted him on both charges and fixed his punishment for grand larceny at one year in the State Penitentiary and two years on the charge of burglary.   From the judgment in which the trial court directed the terms to run concurrently, is this appeal.

For reversal, appellant argues that the evidence was not sufficient to support the verdicts and that there was error in admission of certain testimony as to an alleged confession.

At the outset, we are met with the State's contention that there was no motion for a new trial and no proper bill of exceptions presented for our consideration. After a careful review of the record, we have reached the conclusion that both of the State's contentions must be sustained.

There is no motion for a new trial in this record, and as was said by this Court in *State* v. *Moore,* 166 Ark. 499, 266 S. W. 460, "it is a well settled rule of this Court that, where there is no motion for a new trial, only errors appearing on the face of the record will be considered on appeal. *Smith* v. *Wallis-McKinney Coal Co.,* 140 Ark. 218, 215 S. W. 385; *Free* v. *Adams,* 148 Ark. 654, 228 S. W. 371. The same rule applies in regard to the bill of exceptions. *Crow* v. *Cox,* 158 Ark. 641, 251 S. W. 676."

We find no error on the face of the record. See, also, *City of Monticello* v. *Kimbro,* 206 Ark. 503, 176 S. W. 2d 152.

As indicated, there is still another reason why this case must be affirmed and that is that there is no proper bill of exceptions presented by the record for our consideration. What purports to be a bill of exceptions was not signed by the trial judge and in the absence of a bill of exceptions our review is limited to any errors appearing on the face of the record. As above indicated, no error appears on the face of the record here.

In *Hobbs* v. *Bolz Cooperage Company,* 145 Ark. 435, 224 S. W. 968, we said: "There is no bill of exceptions in the record—that which purports to be a bill of exceptions not being signed by the trial judge—therefore, we cannot review the proceedings for assigned errors occurring during the trial. We must assume, in the absence of a bill of exceptions, that there was sufficient evidence to support the verdict and that the proceedings were free from error," and in *Ward* v. *State,* 135 Ark. 259, 204 S. W. 971, (headnote) this Court held: "It is necessary that the bill of exceptions, in a case where defendant has been convicted of a felony, shall be signed by the trial court." See, also, *York* v. *State,* 186 Ark. 260, 53 S. W. 2d 226.

Appellant's assignment of errors in the instant case was such as must have been brought into the record by proper bill of exceptions (*Ward* v. *State, supra*).

Finding no error, the judgment is affirmed.