## William H. WADE *v.* STATE of Arkansas

CA CR 80-11                                        599 S.W. 2d 764
Court of Appeals of Arkansas
Opinion delivered May 28, 1980
Released for publication June 18, 1980

Appellant, *pro se.*

*Steve Clark*, Atty. Gen., by: *James F. Dowden*, Asst. Atty. Gen., for appellee.

DAVID NEWBERN, Judge. The appellant appeared pro se before a municipal court where he was convicted of speeding and fined $25.00. The fine was suspended for one year. In the municipal court proceedings, the appellant demanded and was denied a trial by jury.

After the municipal court trial, the case went to the circuit court, on appeal, for a trial de novo. The appellant filed a petition asking the circuit judge to disqualify himself, and in response, the circuit court entered an order on October 24, 1979, reciting the following chronology of events: The case was first set for trial to be held October 15, 1979, but the appellant failed to appear, and it is not clear he had been given notice. The case was reset for 9:00 a.m., October 22, 1979, and the clerk was ordered to notify the appellant. The appellant appeared at 9:30 a.m. on October 22, after the court had begun other proceedings. The court informed the appellant that his case would be heard after the other proceedings were concluded. The defendant asked further delay to obtain witnesses. The case was again called at 9:00 a.m., October 24, and the appellant was not present. The court directed the clerk to notify the appellant his case would be heard at 1:00 p.m., October 25. The appellant asked the court to recuse himself by a petition filed October 24. The court recused himself and ordered the trial to be held October 25, 1979, before the Honorable Carl McSpadden on exchange.

The defendant did not appear at the hearing scheduled before Judge McSpadden on October 25. Judge McSpadden affirmed the conviction and revoked the suspension of sentence "because of the non-appearance of the defendant and the non-payment of the Municipal Court costs."

The main issue raised by the appellant on this appeal is whether the circuit court had jurisdiction. The appellant claims he did not appeal the municipal court's judgment. The "Transcript on Appeal" signed by the municipal clerk recites the "defendant . . . prayed an appeal to the Independence Circuit Court, which was accordingly granted; . . ." To impeach that document we have only the statement in the appellant's brief that he did not seek an appeal. That

unsworn statement is not sufficient to impeach the official transcript filed by the clerk. Our supreme court has held that the record of a court cannot be contradicted even by a bill of exceptions. *Arkansas and Louisiana & Gulf Ry. Co.* v. *Kennedy*, 87 Ark. 50, 111 S.W. 1125 (1908).

Although we must affirm this case against the appellant's contention the circuit court lacked jurisdiction, we know of no authority for the circuit court to revoke the suspension of an affirmed sentence because of failure to appear and failure to pay costs. Ark. Stat. Ann. § 44-507 (Repl. 1977), merely provides that, upon failure of the defendant to appear, the circuit court may affirm and "enter judgment against the appellant for the same fine or penalty that was imposed in the inferior court, with costs, . . ." This appellant has not failed to appear in response to any court order, and as far as we know, payment of costs was not a condition of the suspension of the fine. The remedy for failure to pay costs is found in Ark. Stat. Ann. § 41-1104 (Repl. 1967), and it clearly was not followed here.

The judgment of the circuit court is thus affirmed and modified to reinstate the suspension of the fine.